NO. 4-04-0614     Filed: 4/12/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from |
|     Plaintiff-Appellee, | ) Circuit Court of |
|     v. | ) Champaign County |
| GEORGE P. BINGHAM, | ) No. 04CF83 |
|     Defendant-Appellant. | ) |
| | ) Honorable |
| | ) Michael Q. Jones, |
| | ) Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In April 2004, a jury convicted defendant, George P. Bingham, of aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1 (West 2002)) and driving while his driver's license was revoked (625 ILCS 5/6-303 (West 2002)). The trial court sentenced defendant to a 6-year term of imprisonment on the aggravated-fleeing conviction and a concurrent term of 364 days on the driving-while-license-revoked conviction. Defendant appeals, contending he was denied his right to counsel of choice. We reverse and remand.

I. BACKGROUND

On January 14, 2004, defendant was charged with aggravated fleeing or attempting to elude a police officer and driving while his driver's license was revoked. On January 27, 2004, an assistant public defender was appointed to represent defendant. When the cause was called for trial on April 13, 2004, the following colloquy took place:

"THE COURT: Appearance of the

[d]efendant personally, and by counsel, Mr. Appleman.

Cause called for jury trial.

Both sides ready for trial?

MR. HARRIS [(assistant State's Attorney)]: Yes, Judge.

MR. APPLEMAN [(defense counsel)]: Your Honor, my client has asked me to make a motion to continue this case. He is, in fact, represented by out-of-town counsel. I believe the name is Earl Washington, on other cases, and he is hoping to be represented by Mr. Washington on this case as well. So, I will make a motion to continue on that basis.

THE COURT: Mr. Harris?

MR. HARRIS: Judge, when this case was called at the status hearing, Mr. Appleman answered ready for trial. Had he not answered ready for trial, it was the State's intention to answer ready for trial.

Mr. Appleman is correct, the [d]efendant has other matters pending. He has [an] unresolved delivery-of-controlled-substance case. He has two unresolved petitions to revoke probation.

Despite my best efforts to bring Mr.

Washington to the table either for purposes of trial as to the unresolved case or to hearing on the petitions to revoke, Mr. Washington's always had something else to do.

State is ready for trial.

I did get a palm message late yesterday afternoon from Mr. Washington. I've had offers out on the other cases for six months. [The] State is most anxious to proceed in this matter.

THE COURT: Given the representations I've heard, the motion to continue is denied."

After proceeding to trial, the jury found defendant guilty on both charges and the court sentenced defendant as stated. This appeal followed.

## II. ANALYSIS

On appeal, defendant contends the trial court abused its discretion by denying his request for a continuance to substitute private counsel. Defendant argues nothing indicates the request was made for dilatory purposes and the court erred by failing to conduct an inquiry into the circumstances surrounding the request. The State contends the court did not need to make any additional inquiry because the necessary facts were before the court. The State also argues the conviction should not be reversed because defendant has not established he was prejudiced

by the trial court's denial of the motion for a continuance. We reverse, finding the trial court violated defendant's right to choice of counsel by erroneously denying defendant's motion for continuance to substitute counsel without conducting an adequate inquiry into the request.

A. Violation of Right to Choice of Counsel

Defendant has a constitutional right to the assistance of counsel (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8), which includes the right to counsel of his choosing (People v. Friedman, 79 Ill. 2d 341, 349, 403 N.E.2d 229, 234 (1980)). However, this right is not absolute, and a defendant may not use this right to "thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime." People v. Solomon, 24 Ill. 2d 586, 590, 182 N.E.2d 736, 739 (1962).

In ruling on a motion to continue to substitute counsel, the trial court must balance defendant's right to choose his counsel against the efficient and effective administration of justice. People v. Childress, 276 Ill. App. 3d 402, 410, 657 N.E.2d 1180, 1186 (1995). "This balancing, of necessity, requires a review of the diligence shown by the defendant [citation] and an inquiry into the actual request to see if the request is being used merely as a delaying tactic." People v. Washington, 195 Ill. App. 3d 520, 525, 552 N.E.2d 1067, 1070 (1990). The determination of a motion to continue depends upon the circumstances of each case, and the trial court's denial of a

defendant's request for a continuance will not be overturned absent an abuse of discretion. <u>Friedman</u>, 79 Ill. 2d at 347-48, 403 N.E.2d at 233.

In this case, the trial court erred in denying defendant's motion for a continuance to substitute counsel without further inquiry. While it is unclear whether defendant had already retained Washington in this matter, it is clear Washington represented defendant in several other ongoing criminal matters and defendant wanted Washington to represent him in this cause. The record also indicates Washington contacted the assistant State's Attorney the previous day, although the subject matter of the message is unclear. The record shows the case progressed quickly and had been pending only three months. No prior continuances and no pretrial motions had been filed. The record shows no indication of any prior attempt by defendant to delay the proceedings or that the purpose of the request was dilatory. The trial court should have conducted an inquiry into the circumstances and the purposes of the motion before making its ruling. By denying defendant's motion without conducting such an inquiry, the trial court abused its discretion and violated defendant's sixth-amendment right to counsel of choice.

B. Standard for Reversal for a Violation of Choice of Counsel

Having found a violation of defendant's right to counsel of choice, the question arises whether this constitutional violation is subject to <u>per</u> <u>se</u> reversal or a harmless-

error or prejudice analysis.


### 1. <u>Prejudice</u> <u>Analysis</u>

Citing <u>Solomon</u>, 24 Ill. 2d 586, 182 N.E.2d 736, the State argues the conviction should not be reversed because defendant has not established he was prejudiced by the trial court's denial of the motion for a continuance.

In <u>Solomon</u>, the defendant requested a religious organization retain an attorney for him and refused to cooperate with his court-appointed counsel. <u>Solomon</u>, 24 Ill. 2d at 589, 182 N.E.2d at 738. On the day before trial, approximately two weeks later, appointed counsel filed a motion indicating the organization had not advised him of the status of defendant's request and sought a continuance so defendant could obtain counsel of choice. <u>Solomon</u>, 24 Ill. 2d at 589, 182 N.E.2d at 738. The trial court denied the motion and the cause proceeded to trial as scheduled. <u>Solomon</u>, 24 Ill. 2d at 589, 182 N.E.2d at 738. Defendant appealed, alleging he was denied his right to a fair trial due to the denial of the continuance and to incompetent representation by his appointed counsel. <u>Solomon</u>, 24 Ill. 2d at 588, 182 N.E.2d at 738.

The <u>Solomon</u> court stated "[b]efore a judgment of conviction will be reversed because of the denial of such a motion, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his rights." <u>Solomon</u>, 24 Ill. 2d at 589-90, 182

N.E.2d at 738.  Contrary to the State's assertion, this standard does not apply to denials of motions for continuance to substitute counsel (which implicate the right to counsel of choice) but instead applies to motions for continuance to prepare for trial (which implicate the right to effective assistance of counsel).

Notably, the applicable law from the cases cited by Solomon in setting forth the prejudice requirement involves motions for continuances to prepare for trial or trial preparation in general.  See People v. VanNorman, 364 Ill. 28, 29-31, 2 N.E.2d 891, 892-93 (1936) (trial court denied motions for continuance to prepare for trial); Holt v. United States, 267 F.2d 497, 498-99 (8th Cir. 1959) (court denied motion for continuance to prepare for trial made by recently substituted counsel); United States ex rel. Thompson v. Nierstheimer, 166 F.2d 87, 90 (7th Cir. 1948) (on review of denial of habeas corpus petition, court found the defendant was not denied due process in expeditious proceeding); Crono v. United States, 59 F.2d 339, 341 (9th Cir. 1932) (trial court denied recently substituted counsel's motion for a continuance to prepare for trial).

The Solomon court's analysis further supports a finding the standard applies to motions for continuance to prepare for trial and the corresponding right to effective assistance of counsel.  Immediately after setting forth the prejudice standard, the Solomon court addressed the defendant's claim his counsel's performance was deficient.  Solomon, 24 Ill. 2d at 589-90, 182 N.E.2d at 738.  The court found the appointment of counsel two

weeks before trial was ample time to prepare a defense and, due to the defendant's refusal to cooperate with appointed counsel, "he [could not] now be heard to complain that the denial of the motion for continuance embarrassed his defense or prejudiced his rights."  Solomon, 24 Ill. 2d at 590, 182 N.E.2d at 738.

After addressing the defendant's ineffectiveness claim and the question of prejudice, the court moved on to address the issue of the defendant's right to counsel of choice.  Solomon, 24 Ill. 2d at 590, 182 N.E.2d at 739.  The court found the trial court did not abuse its discretion in denying the defendant's motion for a continuance because the retention of substitute counsel was only speculative after a reasonable length of time. Solomon, 24 Ill. 2d at 591, 182 N.E.2d at 739.

A thorough reading of Solomon indicates the prejudice requirement set forth relates to the defendant's claim counsel was unprepared and not to the defendant's contention he was denied counsel of choice.  See People v. Coleman, 45 Ill. 2d 466, 469, 259 N.E.2d 269, 271 (1970) (the court applied the Solomon prejudice requirement to a motion for continuance for additional time to prepare); cf. Wilson v. Mintzes, 761 F.2d 275, 285 n.17 (6th Cir. 1985) (while a prejudice inquiry is inappropriate when reviewing the denial of a motion to continue to substitute counsel, it is appropriate when reviewing the denial of a contin- uance to prepare for trial because it relates to the right to effective assistance of counsel and the corresponding concern with the objective fairness of the proceeding).  We reject

8

appellate court cases to the extent they find Solomon holds otherwise. See, e.g., People v. Wallace, 44 Ill. App. 3d 89, 92, 357 N.E.2d 858, 861 (1976) (Fourth District); People v. Gray, 96 Ill. App. 3d 757, 761, 422 N.E.2d 45, 49 (1981) (First District); People v. Allen, 35 Ill. App. 3d 342, 347, 341 N.E.2d 431, 435 (1976) (Fifth District); People v. Hart, 10 Ill. App. 3d 857, 859, 295 N.E.2d 63, 65 (1973) (Third District).

Requiring a defendant to demonstrate prejudice from a violation of his right to be represented by his counsel of choice would essentially require defendant to demonstrate he received ineffective assistance of counsel. See Wilson, 761 F.2d at 284 n.14.

Although the "essential aim of the [sixth] [a]mendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers" (Wheat v. United States, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 148, 108 S. Ct. 1692, 1697 (1988)), the right to counsel of choice is protected independent of concerns regarding the fairness of the proceedings (Wilson, 761 F.2d at 279). In this regard, the right to choice of counsel is distinct from the right to effective assistance of counsel because "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." United States v. Cronic, 466 U.S. 648, 658, 80 L. Ed. 2d 657, 667, 104 S. Ct. 2039, 2046 (1984).

A prejudice requirement is inappropriate for choice-of-counsel violations because it would effectively obliterate the right to be represented by counsel of choice by collapsing the right into the right to receive effective assistance of counsel. Wilson, 761 F.2d at 286; but cf. Rodriguez v. Chandler, 382 F.3d 670, 674-76 (7th Cir. 2004) (in holding prejudice is a requirement for reversal of violation of the right to choice of counsel, the court adopted an "adverse-effect" prejudice standard because an ineffective-assistance prejudice test would effectively eliminate relief for a violation of the right and the right itself). Instead, the appropriate inquiry is whether a violation of the right requires per se reversal or is subject to harmless-error analysis.

## 2. Trial Error or Structural Defect

In Arizona v. Fulminante, 499 U.S. 279, 307-10, 113 L. Ed. 2d 302, 330-31, 111 S. Ct. 1246, 1264-65 (1991), the Supreme Court recognized two categories of constitutional errors in criminal proceedings: "trial errors" and "structural defects." A trial error "occur[s] during the presentation of the case to the jury" and is subject to harmless-error analysis because it can be "quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." Fulminante, 499 U.S. at 307-08, 113 L. Ed. 2d at 330, 111 S. Ct. at 1264. Some examples of trial errors recognized by the Supreme Court include (1) the giving of a jury instruction misstating an element of the offense, (2) the

improper commenting at trial about defendant's silence in violation of the fifth amendment, and (3) the admission of evidence obtained in violation of the fourth amendment.  <u>Fulminante</u>, 499 U.S. at 307, 113 L. Ed. 2d at 329-30, 111 S. Ct. at 1263.  Most constitutional errors in a criminal trial can be harmless and do not require automatic reversal of the conviction.  <u>Fulminante</u>, 499 U.S. at 306, 113 L. Ed. 2d at 329, 111 S. Ct. at 1263.  As the beneficiary of the error, the State has the burden of proving the error was harmless beyond a reasonable doubt.  <u>Chapman v. California</u>, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 710-11, 87 S. Ct. 824, 828 (1967).

Structural defects, however, defy harmless-error analysis.  <u>Fulminante</u>, 499 U.S. at 309, 113 L. Ed. 2d at 331, 111 S. Ct. at 1265.  These violations involve a limited class of fundamental constitutional errors "so intrinsically harmful as to require automatic reversal (<u>i.e.</u>, 'affect substantial rights') without regard to their effect on the outcome."  <u>Neder v. United States</u>, 527 U.S. 1, 7, 144 L. Ed. 2d 35, 46, 119 S. Ct. 1827, 1833 (1999). A structural defect "affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself."  <u>Fulminante</u>, 499 U.S. at 310, 113 L. Ed. 2d at 331, 111 S. Ct. at 1265.  The Supreme Court has recognized constitutional violations involving the unlawful exclusion of members of the defendant's race from a grand jury, the right to choose self-representation at trial, and the right to a public trial as constitutional errors not subject to harmless-error

analysis.  <u>Fulminante</u>, 499 U.S. at 310, 113 L. Ed. 2d at 331, 111 S. Ct. at 1265.

We find a violation of defendant's right to choice of counsel is not a "trial error" occurring during the presentation of the case that can be quantitatively assessed in light of the other evidence.  See <u>United States v. Gonzalez-Lopez</u>, 399 F.3d 924, 933 (8th Cir. 2005), <u>cert. granted</u>, ___ U.S. ___, 163 L. Ed. 2d 722, 126 S. Ct. 979 (2006); <u>United States v. Panzardi Alvarez</u>, 816 F.2d 813, 818 (1st Cir. 1987).  Instead, it is a fundamental constitutional error affecting a substantial right that defies harmless-error analysis.  See <u>Gonzalez-Lopez</u>, 399 F.3d at 934.

The nature of the right to counsel of choice dictates such a finding.  While the defendant's right to self-representation does not encompass the right to counsel of choice (<u>Wheat</u>, 486 U.S. at 159 n.3, 100 L. Ed. 2d at 149 n.3, 108 S. Ct. 1697 n.3), they involve many of the same concerns.  Both rights are personal to the defendant and derive from the sixth-amendment principle that the defendant has the right to choose the type of defense to mount.  <u>Wilson</u>, 761 F.2d at 279 & n.5.

"As several courts have recognized, 'the most important decision a defendant makes in shaping his defense is his selection of an attorney.'"  <u>Gonzalez-Lopez</u>, 399 F.3d at 935, quoting <u>United States v. Laura</u>, 607 F.2d 52, 56 (3rd Cir. 1979).  Within the range of effective advocacy, attorneys will differ in a variety of important respects that impact a trial, including their trial strategy, oratory style, framing and emphasis of

legal issues, expertise in areas of law, and familiarity with opposing counsel and the judge.  Gonzalez-Lopez, 399 F.3d at 934.

In addition, the right to counsel of choice, like the right to self-representation, "'reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding.'"  Gonzalez-Lopez, 399 F.3d at 935, quoting Flanagan v. United States, 465 U.S. 259, 268, 79 L. Ed. 2d 288, 296, 104 S. Ct. 1051, 1056 (1984).  The right to counsel of choice is recognized out of respect for the individual and "is either respected or denied irrespective of the harmlessness or prejudicial nature of the error."  Wilson, 761 F.2d at 286.

Notably, most of the federal circuit courts to address the issue have held a violation of the right to counsel of choice requires per se reversal.  See United States v. Burton, 584 F.2d 485, 491 n.19 (D.C. Cir. 1978); Panzardi Alvarez, 816 F.2d at 818 (1st Cir.); Fuller v. Diesslin, 868 F.2d 604, 609 (3rd Cir. 1989); Wilson, 761 F.2d at 281 (6th Cir.); Gonzalez-Lopez, 399 F.3d at 933-34 (8th Cir.); Bland v. California Department of Corrections, 20 F.3d 1469, 1478-79 (9th Cir. 1994), overruled on other grounds in Schell v. Witek, 218 F.3d 1017, 1024-25 (9th Cir. 2000); United States v. Mendoza-Salgado, 964 F.2d 993, 1015 (10th Cir. 1992); but see United States v. Arena, 180 F.3d 380, 397 (2d Cir. 1999); Rodriguez, 382 F.3d at 673-76.

We join the majority of the federal courts and hold the violation of a defendant's sixth-amendment right to counsel of

choice requires automatic reversal of the conviction.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for a new trial.

Reversed and remanded.

MYERSCOUGH and COOK, JJ., concur.