NO. 4-06-0014    Filed 1/31/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| EMERSON L. BROOKS, | ) | No. 02CF1288 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

Defendant, Emerson L. Brooks, appeals the Champaign County circuit court's November 2005 "denial" of his postconviction petition at the first stage, contending his claim that the trial judge erred by denying his request for a continuance to hire private counsel was (1) not waived and (2) a constitutional issue. We reverse and remand for further proceedings.

I. BACKGROUND

In July 2003, the State charged defendant with possession of a controlled substance (720 ILCS 570/402(c) (West 2002)) and possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West Supp. 2001)) relating to his actions on June 17, 2002. At the beginning of defendant's September 2004 trial, his appointed counsel told the trial court defendant did not want her to represent him and desired more time to hire private counsel. The following dialogue took place:

"THE COURT: Do you have a lawyer now, [defendant]?

THE DEFENDANT: I talked to Mr. Silverman, and my family was supposed to go over today and give him the money.

THE COURT: Well, unless you have an attorney here ready to go right now, your motion is denied."

The court then proceeded with a jury trial on the charges. The jury found defendant guilty of possession of a controlled substance with the intent to deliver.

In September 2004, defendant's appointed counsel filed a motion for a new trial, asserting the State had failed to prove "intent to deliver" beyond a reasonable doubt. In October 2004, G. Ronald Kesinger, a private attorney, filed a motion for substitution of counsel and a continuance. Kesinger also filed a motion for substitution of Judge Thomas Difanis. That same month, Judge Difanis granted the motion to substitute counsel and continued the matter. Thereafter, Kesinger filed a motion for a new trial, contending the trial court erred in denying defendant's continuation motion so he could hire an attorney of his choice. In December 2004, Judge Jeffrey Ford denied the substitution-of-judge motion. Judge Difanis then held a joint hearing on the posttrial motions and sentencing, at which it

reduced defendant's conviction to possession of a controlled substance and sentenced him to four years' imprisonment to run consecutive to his sentence in another case (People v. Brooks, No. 02-CF-48 (Cir. Ct. Champaign Co.)).

On August 26, 2005, defendant filed a pro se petition under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 through 122-8 (West 2004)), contending he was denied (1) a fair trial because Judge Difanis was prejudiced against him and should have recused himself and (2) his right to counsel of choice by the trial court's denial of his request for time to hire private counsel. On November 16, 2005, the trial court "denied" the petition, finding both issues were waived since defendant did not pursue a direct appeal. The court also found defendant failed to show the denial of his request for a continuance to hire private counsel was "one of constitutional magnitude." This appeal followed.

## II. ANALYSIS

While the trial court "denied" defendant's petition, defendant actually appeals the first-stage dismissal of his petition pursuant to section 122-2.1(a)(2) of the Postconviction Act (725 ILCS 5/122-2.1(a)(2) (West 2004)).

The Postconviction Act (725 ILCS 5/122-1 through 122-8 (West 2004)) provides a defendant with a collateral means to challenge his or her conviction or sentence for violations of

federal or state constitutional rights.  People v. Jones, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004).  Once the defendant files a petition under the Postconviction Act, the trial court must first, independently and without considering any argument by the State, decide whether the defendant's petition is "frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2004).  To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only a limited amount of detail.  People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  This court reviews de novo the trial court's dismissal of a postconviction petition without an evidentiary hearing.  People v. Simms, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105-06 (2000).

## A. Waiver; i.e., Forfeiture

Defendant first contends the trial court erred by finding his right-to-counsel claim was waived because he did not take a direct appeal.  The State disagrees, contending failure to file a direct appeal is not an exception to the waiver doctrine.

In its most recent case addressing waiver (more specifically referred to as forfeiture and procedural default (People v. Corrie, 294 Ill. App. 3d 496, 506, 690 N.E.2d 128, 135 (1998))) in postconviction proceedings, our supreme court stated

- 4 -

the following:

> "The scope of the postconviction proceeding is limited to constitutional matters that have not been, and could not have been, previously adjudicated. Accordingly, any issues which could have been raised on direct appeal, but were not, are procedurally defaulted and any issues which have previously been decided by a reviewing court are barred by the doctrine of res judicata." People v. Whitfield, 217 Ill. 2d 177, 183, 840 N.E.2d 658, 663 (2005).

In that case, the defendant filed neither a postjudgment motion to withdraw his guilty plea nor a direct appeal. However, he later filed a motion that was treated as a postconviction petition, in which he contended a due-process violation based on his lack of knowledge of a three-year mandatory-supervised-release (MSR) term when he pleaded guilty. Whitfield, 217 Ill. 2d at 180-81, 840 N.E.2d at 661-62. "Noting the well-established rule that 'issues that could have been raised on direct appeal, but were not, are not amenable to post[]conviction review' (see People v. Collins, 153 Ill. 2d 130, 135[, 606 N.E.2d 1137, 1140] (1992))," the State contended defendant had waived his claim for postconviction review because

- 5 -

he had been aware of the lack of an admonishment on MSR since the guilty-plea proceeding but did not file a postjudgment motion or a direct appeal. Whitfield, 217 Ill. 2d at 187, 840 N.E.2d at 665.

The supreme court rejected the State's argument, finding it would be incongruous to hold the defendant forfeited his postconviction claim because he did not object to the trial court's failure to admonish him. The Whitfield court also noted the defendant did not learn of the MSR term until prison and thus he could not have raised the claim in a postjudgment motion or a direct appeal. Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 666. Thus, the court did consider the forfeiture rule but found it inapplicable because the claim could not have been raised earlier. Additionally, despite its citing of Collins, the Whitfield court did not intimate the forfeiture rule is inapplicable when a defendant does not take a direct appeal. The Collins court had stated the forfeiture rule as follows: "When a defendant has previously taken a direct appeal, all matters which were raised or which could have been raised on that direct appeal are res judicata in his subsequent post[]conviction proceeding." (Emphasis added.) Collins, 153 Ill. 2d at 135, 606 N.E.2d at 1140; see also People v. Orange, 168 Ill. 2d 138, 167, 659 N.E.2d 935, 948 (1995).

However, as defendant notes, in People v. Rose, 43 Ill.

- 6 -

2d 273, 279, 253 N.E.2d 456, 461 (1969), the supreme court held that, while a defendant's failure to take a direct appeal waived claims based on mere error in the trial, the defendant was "still entitled to assert those constitutional rights which the Post[c]onviction Act is designed to protect and preserve."  In reaching that conclusion, the Rose court noted the Postconviction Act provides a separate remedy, whose availability is not contingent upon exhaustion of any other remedy.  Rose, 43 Ill. 2d at 279, 253 N.E.2d at 460.  It further explained the essence of waiver as follows:  "'We have consistently held that where review has once been had by a writ of error, *** any claim which might there have been raised, but was not, is considered waived.'" (Emphasis in original.)  Rose, 43 Ill. 2d at 279, 253 N.E.2d at 461, quoting People v. Ashley, 34 Ill. 2d 402, 408, 216 N.E.2d 126, 129 (1966).

Following Rose, this court has concluded that, when a defendant never appeals, the rule that a defendant cannot raise any issue in a postconviction petition that he or she could have made on direct appeal is inapplicable.  See People v. Culp, 127 Ill. App. 3d 916, 920, 468 N.E.2d 1328, 1330-31 (1984).  The First District more recently followed Rose in People v. Miranda, 329 Ill. App. 3d 837, 842-43, 769 N.E.2d 1000, 1005-06 (2002), finding the waiver rule inapplicable when the defendant did not appeal the conviction at issue.  The Fifth District also cited

- 7 -

Rose in concluding that, despite the defendant's failure to perfect a direct appeal, he could raise claims of constitutional magnitude in his petition for postconviction relief. People v. Tripp, 248 Ill. App. 3d 706, 711-12, 618 N.E.2d 1157, 1160-61 (1993).

While our supreme court seems to be moving away from the Rose holding, as evidenced by its language in Whitfield, the State did not cite and our research did not uncover a case where the supreme court expressly overruled Rose or the later cases following it. Moreover, the rationale in Rose still applies to the current Postconviction Act. The current act does not require a defendant to exhaust his direct appeal rights to obtain relief under the act. See 725 ILCS 5/122-1(c) (West 2004) (allowing a defendant to file a postconviction petition within three years of his conviction if he or she did not file a direct appeal). Further, the Postconviction Act continues to permit the trial court to examine constitutional issues that have escaped earlier review. See People v. Blair, 215 Ill. 2d 427, 447, 831 N.E.2d 604, 617 (2005). Thus, until our supreme court expressly over-rules Rose, we will continue to follow it. Since defendant did not take a direct appeal or subject his conviction to other collateral review, we find the trial court erred by finding the right-to-counsel issue forfeited.

B. Deprivation of Constitutional Right

Defendant also claims the trial court erred by finding his challenge to the denial of his continuance to obtain counsel of choice was not "one of constitutional magnitude." We agree.

This court recently addressed a defendant's request for a continuance to obtain different counsel in People v. Bingham, 364 Ill. App. 3d 642, 645, 847 N.E.2d 903, 906-07 (2006). There, we noted a defendant has a constitutional right to the assistance of counsel under both the United States (U.S. Const., amends. VI, XIV) and Illinois Constitutions (Ill. Const. 1970, art. I, §8) that includes the right to counsel of his or her choice. Bingham, 364 Ill. App. 3d at 645, 847 N.E.2d at 906. We further explained that, "[i]n ruling on a motion to continue to substitute counsel, the trial court must balance defendant's right to choose his counsel against the efficient and effective administration of justice." Bingham, 364 Ill. App. 3d at 645, 847 N.E.2d at 907. Moreover, we concluded that, based on the inadequate inquiry into the defendant's request to continue to obtain new counsel, the trial court had abused its discretion and violated the defendant's sixth-amendment right to counsel of choice by denying that motion. Bingham, 364 Ill. App. 3d at 645, 847 N.E.2d at 907.

The State attempts to distinguish Bingham on the facts and contends the trial court did not abuse its discretion by denying defendant's motion. However, the issue at this stage of

the postconviction proceedings is whether defendant has alleged "the gist of a <u>constitutional</u> claim." (Emphasis added.) <u>Gaultney</u>, 174 Ill. 2d at 418, 675 N.E.2d at 106. Like the defendant in <u>Bingham</u>, defendant claims his sixth-amendment right to counsel of choice was violated by the court's denial of his motion to continue to obtain new counsel because of an inadequate inquiry. In his petition, defendant alleged he informed the court he had spoken to private counsel and his family was to pay the attorney a retainer that day, and the court did not conduct any further inquiry. Accordingly, we find defendant has alleged the gist of a constitutional claim.

While defendant does not challenge the other issue he raised in his postconviction petition, our supreme court has held the Postconviction Act does not grant a trial court authority to partially dismiss a postconviction petition at the first stage (<u>People v. Rivera</u>, 198 Ill. 2d 364, 370, 763 N.E.2d 306, 310 (2001)), and thus we reverse the dismissal <u>in</u> <u>toto</u>.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with the Postconviction Act.

Reversed and remanded with directions.

KNECHT and COOK, JJ., concur.