# Illinois Official Reports

## Appellate Court

---

### *People v. Jones*, 2017 IL App (4th) 140594

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KOREY A. JONES, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-14-0594, 4-14-0595 cons. |
| Filed | February 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, Nos. 07-CF-127, 07-CF-312; the Hon. Steven H. Nardulli, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and James Ryan Williams, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>John Milhiser, State's Attorney, of Springfield (Patrick Delfino, David J. Robinson, and Amelia S. Buragas, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Harris and Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Korey A. Jones, appeals from the second-stage dismissal of his postconviction petition and amended postconviction petition. In July 2007, defendant agreed to a negotiated plea deal and pleaded guilty to armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)) and home invasion (720 ILCS 5/12-11(a)(3) (West 2006)). In exchange for defendant's guilty plea, the State dismissed defendant's remaining charges. The trial court sentenced defendant to the agreed sentence of the plea agreement, 15 years for armed robbery and 30 years for home invasion, which it ordered to be served concurrently.

¶ 2 In August 2012, defendant filed a petition for postconviction relief. He alleged numerous constitutional violations, including a claim he was denied the effective assistance of counsel. In April 2014, defendant filed an amended petition for postconviction relief. In June 2014, the State filed a motion to dismiss defendant's petition and amended petition, which the trial court granted.

¶ 3 Defendant appeals, arguing (1) the record demonstrates postconviction counsel failed to provide reasonable assistance in violation of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) and (2) the trial court erred in denying his postconviction petitions at the second stage because he made a substantial showing of ineffective assistance of trial counsel. We affirm.

¶ 4 I. BACKGROUND

¶ 5 On December 8, 2006, defendant entered a Walgreens store in Springfield, Illinois, with a handgun and demanded a clerk give him money from the cash register. Detective Mark Pointer, a detective with the Springfield police department, investigated the incident. After publicizing surveillance video from the store, police received a tip identifying defendant as the man in the video. United States marshals arrested defendant and conducted an interview at which Pointer was present. Defendant admitted robbing the Walgreens store using a firearm.

¶ 6 Pointer also asked defendant questions regarding a robbery at a Subway restaurant the same day as the Walgreens robbery. Defendant later implicated himself in the December 2006 Subway robbery and a November 2006 robbery of a Family Dollar store. In addition to those robberies, a victim of a January 2007 home invasion identified defendant from a police lineup as the person who had robbed him at gunpoint.

¶ 7 Defendant was charged with multiple offenses regarding the aforementioned incidents. At the time of the offenses, defendant was on mandatory supervised release for a 2005 aggravated battery conviction. In connection with the November 2006 Family Dollar store robbery, docketed as Sangamon County case No. 07-CF-127, the State charged defendant with armed robbery (count I) (720 ILCS 5/18-2(a)(2) (West 2006)), armed habitual criminal (count II) (720 ILCS 5/24-1.7(a) (West 2006)), unlawful possession of a weapon by a felon who had been convicted of a forcible felony (count III) (720 ILCS 5/24-1.1(a) (West 2006)), and unlawful possession of a weapon by a felon while serving a term of mandatory supervised release (count IV) (720 ILCS 5/24-1.1(a) (West 2006)).

¶ 8 In connection with the December 2006 Subway restaurant robbery, docketed as Sangamon County case No. 07-CF-72, the State charged defendant with robbery (count I) (720 ILCS 5/18-1(a) (West 2006)), armed robbery (count II) (720 ILCS 5/18-2(a) (West

2006)), unlawful possession of a weapon by a felon who had been convicted of a forcible felony (count III) (720 ILCS 5/24-1.1(a) (West 2006)), and unlawful possession of a weapon by a felon while serving a term of mandatory supervised release (count IV) (720 ILCS 5/24-1.1(a) (West 2006)).

¶ 9    In connection with the December 2006 Walgreens store robbery, docketed as Sangamon County case No. 07-CF-128, the State charged defendant with armed robbery (count I) (720 ILCS 5/18-2(a)(2) (West 2006)), armed habitual criminal (count II) (720 ILCS 5/24-1.7(a) (West 2006)), unlawful possession of a weapon by a felon who had been convicted of a forcible felony (count III) (720 ILCS 5/24-1.1(a) (West 2006)), and unlawful possession of a weapon by a felon while serving a term of mandatory supervised release (count IV) (720 ILCS 5/24-1.1(a) (West 2006)).

¶ 10    In connection with the January 2007 home invasion, docketed as Sangamon County case No. 07-CF-312, the State charged defendant with home invasion (count I) (720 ILCS 5/12-11(a)(3) (West 2006)), armed robbery (count II) (720 ILCS 5/18-2(a)(2) (West 2006)), unlawful possession of a weapon by a felon who had been convicted of a forcible felony (count III) (720 ILCS 5/24-1.1(a) (West 2006)), and unlawful possession of a weapon by a felon while serving a term of mandatory supervised release (count IV) (720 ILCS 5/24-1.1(a) (West 2006)).

¶ 11    In July 2007, defendant entered a negotiated plea of guilty to one count of armed robbery in connection with the December 2006 Family Dollar store robbery (count I in No. 07-CF-127) and one count of home invasion (count I in No. 07-CF-312). In exchange, the State dismissed the remaining charges. The trial court admonished defendant of his rights at his plea hearing, including informing him of the minimum and maximum sentence, and the period of mandatory supervised release. Defendant confirmed he was satisfied with his communication with his attorney and was not taking any prescribed medication. The court sentenced defendant consistent with the terms of the plea agreement. Defendant took no direct appeal.

¶ 12    In June 2008, defendant filed a *pro se* motion to withdraw his guilty plea, which the trial court dismissed later that month as untimely. Defendant's motion alleged he "was denied the effective assistance of counsel when [he] was on medication for a gunshot wound and counsel let [him] enter a guilty plea." Defendant also alleged counsel was ineffective because he "was under a life threatening situation and [counsel] let him enter a guilty plea." Defendant took no appeal.

¶ 13    In August 2012, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(c) (West 2012)). Defendant again alleged he was denied the effective assistance of counsel. He also contended the State violated Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) and numerous provisions of the Illinois Constitution, including the proportionate penalties clause (Ill. Const. 1970, art. I, § 11), separation of powers clause (Ill. Const. 1970, art. II, § 1), and double jeopardy clause (Ill. Const. 1970, art. I, § 10). Defendant also alleged the State violated the equal protection and due process clauses of both the Illinois Constitution (Ill. Const. 1970, art. I, § 2) and the United States Constitution (U.S. Const., amend. XIV, § 1).

¶ 14    In September 2012, the trial court appointed counsel to represent defendant in postconviction proceedings. Two days later, defendant's postconviction counsel filed a motion to remove a copy of defendant's court file from the Sangamon County courthouse to

"review the court file and [defendant's] *pro se* pleadings, then communicate with [defendant] what amendments, if any, are required for [defendant's] post-conviction proceedings." The court granted the motion.

¶ 15    In late September 2012, the State filed a motion to dismiss defendant's petition for postconviction relief. The State argued (1) defendant's petition failed to state facts and merely stated legal conclusions, (2) defendant waived his right to claim errors that could have been raised on direct appeal, and (3) defendant's petition was not filed within the three-year period after his conviction as required by the Act (725 ILCS 5/122-1(c) (West 2012)).

¶ 16    In January 2014, defendant's postconviction counsel filed a motion for leave to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Counsel asserted, *inter alia*, defendant "cannot demonstrate that his trial counsel's performance was deficient" and "cannot show that there is a reasonable probability that, but for [trial] counsel's alleged errors, [defendant] would not have entered a plea of guilty."

¶ 17    Postconviction counsel explained defendant took issue with the armed habitual criminal (720 ILCS 5/24-1.1(a) (West 2006)) charges that were later dismissed as part of his plea agreement. Defendant argued he did not meet the statutory requirements for the armed habitual criminal charges in light of courts' interpretation of that statute after he pleaded guilty herein, but his trial counsel failed to advise him to take the position these courts later adopted and, therefore, was ineffective as counsel. Postconviction counsel acknowledged trial counsel believed the two predicate offenses required for the charge of habitual criminal were present, but the First District Appellate Court later concluded, in a decision two years after defendant's guilty plea, aggravated battery without bodily harm does not qualify as a predicate offense. *People v. Schmidt*, 392 Ill. App. 3d 689, 924 N.E.2d 998 (2009); see *In re Rodney S.*, 402 Ill. App. 3d 272, 287, 932 N.E.2d 588, 601 (2010) ("We[, the Fourth District,] adopt the First District's analysis in *Schmidt* ***."). Postconviction counsel argued, however, under *Strickland v. Washington*, 466 U.S. 668 (1984), "trial counsel's belief was not objectively unreasonable in light of the lack of precedent at the time of defendant's plea."

¶ 18    Postconviction counsel also noted defendant's position that he was prejudiced by trial counsel's error, as he would have proceeded to trial if he had known the charge of habitual criminal against him was unsupported by his aggravated battery charge. Counsel noted, however, the prejudice prong of *Strickland* required a claim of actual innocence or an articulation of a plausible defense which could have been raised at trial. Counsel argued defendant could not satisfy the prejudice prong, as defendant "provided only a bare assertion that he would have proceeded to trial on the several cases had he known that he was incorrectly charged with armed habitual criminal in some of those cases." Nor did defendant state any plausible trial defense was foreclosed or he was actually innocent of the "multitude" of charges against him.

¶ 19    Postconviction counsel attached an affidavit pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) to his motion to withdraw. In it, counsel certified he had met with defendant in person and he had "examined the record of the proceedings of the trial and all appellate proceedings and post-conviction proceedings."

¶ 20    In March 2014, the trial court denied counsel's motion to withdraw and granted leave to file an amended postconviction petition. In April 2014, postconviction counsel filed an amended petition for postconviction relief. The amended petition reiterated trial counsel had

advised defendant he was validly charged with armed habitual criminal. The petition stated defendant was improperly charged with armed habitual criminal and cited *Schmidt*. Defendant contended he would not have accepted a plea deal had he known he was improperly charged.

¶ 21    In May 2014, the State filed a memorandum in support of its motion to dismiss defendant's postconviction petition and his amended postconviction petition. Its memorandum reiterated the arguments made in its motion to dismiss. Additionally, the State argued defendant's bare assertion that he would not have pleaded guilty absent the ineffectiveness of trial counsel is insufficient to satisfy defendant's burden under *Strickland*. It noted defendant's petition and amended petition did not raise a claim of innocence or a plausible defense that could have been raised at trial.

¶ 22    In June 2014, the trial court granted the State's motion to dismiss defendant's postconviction petition and amended postconviction petition. The court noted defendant pleaded guilty to armed robbery and home invasion and, in exchange, the State dropped two cases in their entirety (Nos. 07-CF-72 and 07-CF-128) and dropped the remaining charges in two others (Nos. 07-CF-127 and 07-CF-312). The court acknowledged, two years after defendant pleaded guilty, the First District Appellate Court in *Schmidt* concluded aggravated battery of a law enforcement officer was not a forcible felony of the type to qualify as a predicate offense under the armed habitual criminal statute. The court, however, was not persuaded by defendant's argument, and it summarized it as defendant arguing that trial counsel was ineffective because "[counsel] did not foresee that two years after [defendant's] guilty plea was entered that an appellate court would conclude that aggravated battery of a law enforcement officer was not a forcible felony." The court went on to raise the possibility "trial counsel would have been reckless had he encouraged defendant to go to trial to challenge *** the statute, given the state of the law at the time."

¶ 23    The trial court also concluded defendant had not claimed he was innocent or asserted the availability of a plausible defense to the offenses to which he pleaded guilty. The court also found no reasonable assertion was made that, if trial counsel never advised defendant the habitual criminal charges were valid, defendant would not have pleaded guilty.

¶ 24    This appeal followed.

## II. ANALYSIS

¶ 26    Defendant makes two arguments on appeal: (1) his postconviction counsel failed to provide reasonable assistance in violation of Rule 651(c) because counsel failed to review defendant's judicial records as he certified and (2) the trial court erred when it granted the State's motion and dismissed his petitions at the second stage of his postconviction proceedings, since he made a substantial showing he was denied effective assistance of trial counsel. The State argues in response that defendant (1) has failed to overcome the presumption postconviction counsel provided reasonable assistance because the record establishes counsel substantially complied with Rule 651(c) and (2) cannot prove he was denied effective assistance of trial counsel under *Strickland*. The State also argues defendant's petitions are time-barred.

¶ 27                        A. The Post-Conviction Hearing Act

¶ 28        The Act (725 ILCS 5/122-1 to 122-7 (West 2012)) provides a three-step process for adjudicating a postconviction petition. During the first stage, the "trial court, without input from the State, examines the petition *only* to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit." (Emphasis in original.) *People v. Phyfiher*, 361 Ill. App. 3d 881, 883, 838 N.E.2d 181, 184 (2005). If the trial court does not dismiss the petition at the first stage, the matter proceeds to the second stage, where the court will appoint counsel to an indigent defendant who requests counsel, and appointed counsel then has the opportunity to amend the claims in the postconviction petition. *People v. Patton*, 315 Ill. App. 3d 968, 971-72, 735 N.E.2d 185, 188 (2000). The State must then file either an answer or a motion to dismiss. *People v. Johnson*, 377 Ill. App. 3d 854, 858, 879 N.E.2d 977, 980 (2007). If the petition makes a showing of a constitutional violation, it then proceeds to the third stage, at which the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2012). "An evidentiary hearing will be held only where the allegations of the postconviction petition make a substantial showing that the defendant's constitutional rights have been violated and the petition is supported by affidavits, records, or other evidence or explains why these items are not attached." *People v. Waldrop*, 353 Ill. App. 3d 244, 249, 818 N.E.2d 888, 893 (2004). The standard of review for a first- or second-stage dismissal is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998). In the present case, the court dismissed defendant's petition at the second stage of the postconviction proceedings.

¶ 29                  B. Reasonable Assistance of Postconviction Counsel

¶ 30        Defendant first argues his postconviction counsel failed to provide reasonable assistance in violation of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) because counsel's April 2014 certification that he had reviewed record must be false when the "court-reporter certificate *** indicates the [transcript of the guilty plea hearing] was generated subsequent to [postconviction counsel's] April 2014 [Rule] 651(c) certificate."

¶ 31        A defendant's right to postconviction counsel is wholly statutory. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007). "Therefore, a petitioner is entitled only to the level of assistance required" under the Act. *Id.* Under the Act, a defendant is entitled only to reasonable assistance of counsel. *Id.* Reasonable assistance of counsel is premised on counsel's compliance with Rule 651(c). See *id.* at 42, 890 N.E.2d at 403. Although strict compliance is not necessary, postconviction counsel must substantially comply with Rule 651(c). Our review is *de novo*. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19, 56 N.E.3d 1141.

¶ 32        Under Rule 651(c), postconviction counsel must file a certificate, indicating he or she "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 33        Defendant's argument is unpersuasive as "he equates the *preparation* of the transcripts of the guilty-plea proceedings *** with the court reporter's *certification* of those proceedings." (Emphases in original.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 14, 957 N.E.2d 102

(rejecting the defendant's assertion an Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) certificate is inadequate if filed prior to the date contained on the certification of the proceedings). In *Little*, this court held " 'the date the court reporter certified the transcripts in preparation of the record on appeal is not evidence of the first date a defense attorney could have reviewed the transcripts.' " *Id.* ¶ 16. This is because "no need exists to prepare a record on appeal until a notice of appeal has been filed, which of course occurs only 'within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion.' " *Id.* ¶ 17 (quoting Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009)).

¶ 34   In the case at bar, the record contradicts defendant's argument postconviction counsel did not review the transcript of the guilty plea hearing, as required by Rule 651(c). In postconviction counsel's April 2014 Rule 651(c) certificate, counsel stated he "examined the record of proceedings at the trial court and postconviction pleadings of record." He further certified he discussed defendant's contentions and his postconviction proceedings in person and by mail. Accordingly, we find defendant's postconviction counsel substantially complied with Rule 651(c).

¶ 35                           C. Ineffective Assistance of Trial Counsel

¶ 36   Defendant argues the trial court erred when it granted the State's motion and dismissed his petitions at the second stage of his postconviction proceedings because he made a substantial showing he was denied effective assistance of trial counsel. Specifically, he claims counsel failed to advise defendant that the armed habitual criminal charges against him were invalid and, had he done so, he would not have pleaded guilty. For clarity, we note the armed habitual criminal charges against defendant were dismissed as part of the plea deal, but nonetheless, defendant argues he would not have taken the plea deal had he known some of the charges against him were invalid. Essentially, defendant suggests he thought the penalties he faced were much greater, which in turn influenced his decision to take the plea deal.

¶ 37   A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland. People v. Cathey*, 2012 IL 111746, ¶ 23, 965 N.E.2d 1109. To prevail on such a claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). To establish deficient performance, the defendant must show his attorney's performance fell below an objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219, 808 N.E.2d 939, 953 (2004) (citing *Strickland*, 466 U.S. at 687). "When a guilty plea is challenged on ineffective assistance grounds, the prejudice prong of *Strickland* is satisfied if a reasonable probability exists that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *People v. Miller*, 346 Ill. App. 3d 972, 982, 806 N.E.2d 759, 767 (2004). A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18, 939 N.E.2d 310, 319 (2010).

¶ 38   Assuming, *arguendo*, that trial counsel's advice regarding the armed habitual criminal charges was objectively unreasonable, defendant has not shown any possible resulting prejudice. Defendant argues he pleaded guilty because the armed habitual criminal charges

carried a maximum prison term, assuming he would receive good-time credit of 25½ years, which was 3 years more than the next highest maximum sentences he faced among the 12 other charges against him. We note defendant's negotiated plea deal led to the dismissal of 14 other charges, including Class X felonies with sentencing enhancements, and the trial court sentenced defendant to relatively low sentences of 30 and 15 years in accordance with the plea.

¶ 39 These facts contradict defendant's claim he would not have pleaded guilty had his charges not included two counts of armed habitual criminal. Defendant makes no claims of innocence or plausible defenses as to the charges to which he actually pleaded guilty. It is only logical that a claim of actual innocence in a postconviction petition should only be directed against the charges of which defendant was actually convicted. We find no reasonable probability here, but for counsel's alleged errors, defendant would not have pleaded guilty and would have insisted on going to trial. Accordingly, defendant has failed to show he was prejudiced by trial counsel's alleged deficient representation. As defendant failed to show prejudice, his claim of ineffective assistance of counsel lacks merit. *Id.* Because we are affirming the trial court's judgment on other grounds, we need not address the State's contention defendant's petition was time-barred.

¶ 40                                       III. CONCLUSION
¶ 41 We affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 42 Affirmed.