NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180717-U

NO. 4-18-0717

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 17, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macoupin County |
| TIMOTHY W. ELKINS JR., | ) | No. 14CF183 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joshua A. Meyer, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The facially valid certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) raises a presumption that defendant received reasonable assistance from postconviction counsel, and defendant has failed to rebut that presumption.

¶ 2     Defendant, Timothy W. Elkins Jr., is serving a sentence of imprisonment for aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(C) (West 2014)). He petitioned the circuit court of Champaign County for postconviction relief. The court appointed postconviction counsel, who amended the *pro se* petition. The State moved to dismiss the amended petition, and the court granted the motion. Defendant appeals, contending that he received less than reasonable assistance from postconviction counsel. We conclude that (1) postconviction counsel filed a facially valid certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), (2) the certificate raises a presumption that postconviction counsel rendered reasonable

assistance to defendant, and (3) defendant has failed to rebut that presumption. Therefore, we affirm the judgment.

¶ 3                                                  I. BACKGROUND

¶ 4         On December 14, 2017, defendant proposed entering negotiated guilty pleas to two counts of aggravated DUI (*id.*). During admonitions, defendant acknowledged that, even though his previous defense counsel had told him he could receive day-for-day good-conduct credit while serving a sentence of imprisonment in this case, he now knew that the prison sentence "would have to be served at eighty-five percent, not the fifty percent rate." The circuit court approved the plea agreement, accepted the guilty pleas, and imposed the agreed-upon sentence: imprisonment for five years, with credit for time served, to be followed by a year of mandatory supervised release.

¶ 5         Defendant never moved to withdraw the guilty pleas and never took a direct appeal.

¶ 6         In February 2018, defendant filed a *pro se* petition for postconviction relief. In his petition, he made four claims. First, "defense counsel pressured [him] into pleading guilty." Second, defendant "suffers from severe anxiety disorder and depression and should have had a mental health evaluation prior to taking a plea." Third, defense counsel broke a promise to come to the jail and "go over the paperwork and plea prior to the [guilty plea] hearing." Fourth, the State proposed "a plea deal of 5 1/2 years at 50% to run concurrent with credit for time served," but after defendant pleaded guilty and was sent to prison, "the prosecutor said they did not know it ha[d] to be 85% and took back the deal."

¶ 7         The circuit court appointed postconviction counsel, who filed an amended petition. According to the amended petition, when defendant pleaded guilty, he was suffering from poorly medicated depression and anxiety, and those conditions made his guilty pleas unknowing and involuntary. Medical records were attached to the amended petition, along with affidavits by

defendant's sister, Sarah Elkins, and mother, Alice Henderson, both of whom attested that from December 1 to 14, 2017, defendant "was acting down and not at all like himself."

¶ 8        At the same time he filed the amended petition, postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). In the certificate, postconviction counsel represented as follows:

"(a) That this attorney has consulted with [defendant] multiple times by phone.

(b) That through this consultation, this attorney has ascertained Defendant's contentions of deprivations of constitutional rights.

(c) That this attorney has examined the records of the proceedings at trial.

(d) That this attorney has made any amendments necessary, if any, to the Petition filed by the Defendant that are necessary for an adequate presentation of his contentions."

¶ 9        In September 2018, the circuit court granted a motion by the State to dismiss the amended petition for postconviction relief.

¶ 10        This appeal followed.

¶ 11                                   II. ANALYSIS

¶ 12                A. Postconviction Counsel's Examination of the Record

¶ 13        In his certification pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), postconviction counsel attested that he had "examined the records of the proceedings at trial." But examining the trial record would have been impossible, defendant observes: his guilty pleas had dispensed with a trial. Defendant argues that, instead of falsely certifying he had examined the trial record (which did not exist), postconviction counsel should have certified he

had examined the record of the guilty plea hearing. Lacking such an attestation, the certificate, in defendant's view, is defective on its face and fails to raise a presumption of compliance with Rule 651(c). See *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39.

¶ 14　　　　It would be unreasonable, the State rejoins, to blame postconviction counsel for drafting a certificate that said exactly what Rule 651(c) required the certificate to say. Rule 651(c) required a "showing" that postconviction counsel had "examined the record of the proceedings at the trial." *Id.* To quote from Rule 651(c), "[t]he record filed in that court" (meaning "the trial court" referred to in the preceding paragraph of the rule) "*shall* contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney *** has examined the record of the proceedings at the trial." (Emphasis added.) The word "shall" expresses a command. See *People v. Reed*, 177 Ill. 2d 389, 393 (1997). By certifying that he had examined the trial record, postconviction counsel obeyed Rule 651(c), to the letter. The State notes: "Rule 651(c) does not provide, much less require, alternative phrasing for that certification when the proceedings in the trial court are guilty plea proceedings." The State compares the certificate in this case to the adequately worded certificate in another guilty plea case, *People v. Jones*, 2017 IL App (4th) 140594, ¶ 34.

¶ 15　　　　As defendant points out, however, the wording of the certificate in *Jones* was different from the wording of the certificate in the present case. In *Jones*, the postconviction counsel certified that he had " 'examined the record of proceedings *at the trial court* and postconviction pleadings of record.' " (Emphasis added.) *Id.* In the present case, by contrast, postconviction counsel certified that he had "examined the records of the proceedings *at trial*." (Emphasis added.) There is a difference between examining the record of proceedings at the trial court and examining the record of the proceedings at trial. Even though there was no trial in *Jones*,

the circuit court could still be referred to as "the trial court" (see *id.* ¶ 36), and by examining the records of proceedings at the trial court, postconviction counsel necessarily would have examined the records of the guilty plea hearing. But examining the record of proceedings at trial would not entail examining the record of a guilty plea hearing.

¶ 16 And yet the State is correct that Rule 651(c) supplies no alternative language for a guilty plea case. Even though a "substantial denial" of a constitutional right (725 ILCS 5/122-1(a)(1) (West 2018)) could occur in a guilty plea hearing or before or after a trial, Rule 651(c) by its literal terms requires the postconviction counsel to examine only the trial record. As Rule 651(c) reads, the record "shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 17 In a guilty plea case, in which there is no "record of the proceedings at the trial" (*id.*), what materials must postconviction counsel examine? The answer may be found in *People v. Pendleton*, 223 Ill. 2d 458, 475-76 (2006) (quoting *People v. Davis*, 156 Ill. 2d 149, 164 (1993)): "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' "

¶ 18 In *Davis*, 156 Ill. 2d at 152—the case from which *Pendleton* quoted—the *pro se* petition alleged that, by having an undisclosed telephone conversation with someone who later served as a juror in the defendant's trial, the prosecutor had violated the defendant's right to a fair and impartial trial. The circuit court denied the petition. *Id.* The appellate court, however,

- 5 -

remanded the case to the circuit court with directions to vacate the convictions and to appoint a new postconviction counsel (*id.*) because the postconviction counsel who had represented the defendant had failed to certify he had examined the entire trial transcript—as Rule 651(c), by its literal terms, required (*id.* at 161). The supreme court reversed the appellate court's judgment because the supreme court interpreted Rule 651(c) as requiring postconviction counsel "to examine as much of the transcript of the proceedings as [was] necessary to adequately present and support those constitutional claims raised by the petitioner" in his *pro se* petition. *Id.* at 164. Apparently, postconviction counsel had examined the transcript of the *voir dire* examination, as well as the affidavit by the juror, for those materials were attached as exhibits to the amended petition (*id.* at 165). The defendant never "suggest[ed] that additional portions of the trial transcript would have supported his claim with respect to the undisclosed communication between the juror and the prosecutor." *Id.* Because postconviction counsel "was not required to examine more than that portion of the proceedings necessary to adequately present [the] defendant's claim," the supreme court found substantial compliance with Rule 651(c). *Id.*

¶ 19        Thus, even though Rule 651(c) by its literal terms requires a showing, in the record, that postconviction counsel "has examined the record of the proceedings at the trial" (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)), what the record really must show, by a certificate or otherwise, is this: postconviction counsel has examined the parts of the record that would support the defendant's *pro se* claims (*Pendleton*, 223 Ill. 2d at 475-76; *Davis*, 156 Ill. 2d at 165).

¶ 20        Defendant does not explain how the record of the guilty plea proceeding "would have supported" any of his claims. *Davis*, 156 Ill. 2d at 165. His dialogue with the circuit court in the guilty plea hearing tends to suggest that he "underst[ood] the nature of the charges and the purpose of the proceedings." *People v. Turner*, 111 Ill. App. 3d 358, 361 (1982). He acknowledged

understanding the court's admonitions, and he engaged in coherent conversation with the court. Also, in the guilty plea hearing, defendant acknowledged that, contrary to his earlier understanding, he now knew he would have to serve at least 85% of the prison sentence.

¶ 21    Thus, in our *de novo* review (see *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13), we disagree with defendant that, for us to find substantial compliance with Rule 651(c) (eff. July 1, 2017), the record must affirmatively show that postconviction counsel examined the transcript of the guilty plea hearing. Defendant does not explain how an examination of that transcript was " 'necessary to adequately present and support [the] constitutional claims' " in his *pro se* petition. *Pendleton*, 223 Ill. 2d at 475-76 (quoting *Davis*, 156 Ill. 2d at 164).

¶ 22    This is not to gloss over defendant's valid point that the certificate, on its face, states a falsehood: that postconviction counsel examined a nonexistent trial record. Even so, we cannot reasonably declare a certificate to be facially defective that reads exactly as Rule 651(c) requires. Since the certificate tracks the language of Rule 651(c) word for word, it is a facially sufficient certificate and raises a presumption that postconviction counsel fulfilled his duties under that rule. See *Beasley*, 2017 IL App (1st) 150291, ¶ 39.

¶ 23    Citing *People v. Bashaw*, 361 Ill. App. 3d 963, 967 (2005), defendant argues that "[w]hen counsel's certificate fails to certify review of the correct proceedings, the certificate is facially deficient and does not give rise to a presumption of compliance." The question, though, is whether the guilty plea hearing was, as defendant assumes, the "correct proceeding." He does not explain how the transcript of the guilty plea hearing would have had any tendency to substantiate his claim of unfitness. See *Davis*, 156 Ill. 2d at 165. The transcript, rather, was something to be overcome by evidence external to the record. All the relevant supporting materials—the affidavits

and the medical records—came from outside the record, and they were attached as exhibits to the amended petition.

¶ 24                    B. Making Necessary Amendments to the *Pro Se* Petition

¶ 25                    1. *No Explanation for the Lack of a Direct Appeal*

¶ 26            Rule 651(c) required postconviction counsel to "ma[k]e any amendments to the petition[ ] filed *pro se* that [were] necessary for an adequate presentation of [defendant's] contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). In defendant's view, postconviction counsel failed to fulfill this responsibility. Citing *People v. Turner*, 187 Ill. 2d 406, 413 (1999), defendant complains that postconviction counsel "failed to address *the fact* that the voluntariness issue was waived when [defendant] did not file a direct appeal." (Emphasis added.)

¶ 27            In *Turner*, the defendant took a direct appeal, which was unsuccessful, and then he petitioned for postconviction relief. *Id.* at 409. The circuit court granted the State's motion to dismiss the postconviction petition, declaring the defendant's claims to be either barred by *res judicata* or "waived" (that is, forfeited) because the defendant could have raised the claims on direct appeal but had failed to do so. *Id.* The supreme court reversed the dismissal because the postconviction counsel could have easily gotten around the waiver by alleging ineffective assistance by appellate counsel. *Id.* at 413. By failing to amend the *pro se* petition so as to plead ineffective assistance by appellate counsel, the postconviction counsel had fallen short in his duty under Rule 651(c) to make necessary amendments to the *pro se* petition. *Id.* at 412-13.

¶ 28            As the State points out, however, *Turner* is distinguishable in that the defendant in *Turner* took a direct appeal before petitioning for postconviction relief whereas defendant in the present case took no direct appeal. If defendant in the present case had taken a direct appeal, he might well have been restricted, in this subsequent postconviction proceeding, by the doctrines of

procedural forfeiture and *res judicata*. "[A]ny issues which could have been raised on direct appeal, but were not, [would be] procedurally defaulted[,] and any issues which ha[d] previously been decided by a reviewing court [would be] barred by the doctrine of *res judicata.*" *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). But that statement in *Whitfield* presupposes a choice by the defendant to take a direct appeal. A defendant need not have taken a direct appeal to obtain relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). *People v. Brooks*, 371 Ill. App. 3d 482, 486 (2007). "[W]hen a defendant never appeals, the rule that a defendant cannot raise any issue in a postconviction petition that he or she could have made on direct appeal is inapplicable." *Id.*

¶ 29        Thus, contrary to defendant's contention, it was reasonable of postconviction counsel to leave out of the amended petition an explanation for the lack of a direct appeal. Such an explanation would have been superfluous. It was unnecessary for the amended petition to explain that mental health problems, a lockdown, or any other circumstance prevented defendant from filing a direct appeal. He owed no explanation, because there was no procedural forfeiture or *res judicata* for him to overcome. See *id.*

¶ 30        2. *No Allegation That Defendant Was Displaying Signs of Unfitness*

¶ 31        Defendant argues: "By claiming only that [defendant's] plea was involuntary— without explaining why the court or [defense counsel] should have known that a *bona fide* doubt existed as to his fitness—[postconviction counsel] failed to adequately present this issue to the court." According to defendant, "[instead of] arguing that [defendant's] plea was involuntary, [postconviction counsel] was required to argue why [defendant's] behavior and demeanor were so unusual that they should have made someone aware that he was unfit to enter the plea."

¶ 32     If, in fact, defendant was unfit to enter a guilty plea, it would not matter whether defense counsel or the circuit court was aware or should have been aware of his unfitness. Regardless of whether the signs of unfitness were noticed or should have been noticed, the conviction of an unfit defendant violates due process (*People v. Burson*, 11 Ill. 2d 360, 368 (1957)). Conviction of an unfit defendant, by trial or guilty plea, does not somehow become valid if the unfitness goes unnoticed. "[I]t is a violation of due process to convict a defendant who is mentally unfit to stand trial." *People v. Jackson*, 2014 IL App (1st) 123258, ¶ 35. The amended petition made the germane constitutional claim: that defendant's guilty pleas were "not entered voluntarily and intelligently due to [defendant's] mental health conditions and inappropriate treatment for same, namely[,] depression and severe anxiety."

¶ 33             3. *No Allegation of Prejudice from the Failure to Review*

*Discovery Materials With Defendant*

¶ 34     According to the *pro se* petition, defense counsel broke a promise to come to the Macoupin County jail and "go over the paperwork and plea prior to the [guilty plea] hearing." The amended petition reframed this allegation as follows: "From January 28, 2015[,] to the date of my plea, none of my attorneys met with me to review discovery in this case."

¶ 35     Defendant criticizes postconviction counsel for failing to allege resulting prejudice. "In order to present a constitutional claim of ineffective assistance," defendant reasons, "[the] amended petition was required to: identify specific evidence which [defendant's] trial counsel did not review with him, argue that [defendant] would not have pled guilty if he had been given the opportunity to view this evidence, and attach support for that argument."

¶ 36     It is true that the amended petition fails to identify any exculpatory evidence that, had it been disclosed to defendant, could have rationally induced him to go to trial instead of

- 10 -

pleading guilty. See *People v. Brown*, 2017 IL 121681, ¶ 26. We presume that the reason for this deficiency is that such evidence was nonexistent. "A court may reasonably presume postconviction counsel made a concerted effort to obtain evidence in support of postconviction claims, but was unsuccessful." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 27.

¶ 37                                    III. CONCLUSION

¶ 38            The certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) raises a presumption that postconviction counsel rendered reasonable assistance in accordance with that rule. The presumption is unrebutted. Therefore, we affirm the circuit court's judgment.

¶ 39            Affirmed.