2016 IL App (4th) 150192

NO. 4-15-0192

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BAHA'EDDIN Q. AL MOMANI, | ) | No. 10CF21 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1        On February 24, 2014, defendant, Baha'Eddin Q. Al Momani, filed a *pro se* postconviction petition, which was later amended by private counsel with permission of the trial court on May 30, 2014. On February 12, 2015, the trial court granted the State's motion to dismiss defendant's petition. On appeal, defendant argues the trial court erred in dismissing his postconviction petition because (1) he was not provided notice and an opportunity to be heard on the State's motion, (2) his postconviction petition was timely, (3) he did not waive or forfeit any issues, and (4) his petition stated a cause of action. We reverse the court's dismissal of defendant's postconviction petition because the court erred in granting the State's motion before defendant had notice and an opportunity to be heard. We reverse and remand for defendant to be given the opportunity to respond to the State's motion to dismiss.

¶ 2                          I. BACKGROUND

¶ 3            On February 24, 2014, defendant filed a *pro se* petition for postconviction relief.

Defendant made an actual innocence claim based on newly discovered evidence.  Defendant also

claimed he received ineffective assistance of his trial counsel.  Later that month, attorney

Margaret A. Lundahl entered an appearance on defendant's behalf.  On May 30, 2014, attorney

Lundahl filed supplemental postconviction claims and materials.  The supplemental petition

included a claim defendant was denied his right to be present at his trial.  She also filed a

memorandum in support of the amended petition and an Illinois Supreme Court Rule 651(c) (eff.

Feb. 3, 2013) certificate.

¶ 4            On February 10, 2015, the State filed a motion to dismiss defendant's petition.

The State's motion first sought to dismiss the claim because it was "substantially insufficient in

law" pursuant to section 2-615 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-

615 (West 2014)).  The State also argued defendant's due-process, self-incrimination, and

ineffective assistance of counsel claims were barred by prior judgment pursuant to section

2-619(a)(4) of the Procedure Code (735 ILCS 5/2-619(a)(4) (West 2014)).  Finally, the State

argued all of defendant's claims, other than his actual-innocence claim, were barred pursuant to

section 2-619(a)(5) of the Procedure Code (735 ILCS 5/2-619(a)(5) (West 2014)) because the

claims were not brought within the time allowed by law under section 122-1(c) of the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1(c) (West 2014)).

¶ 5            On February 12, 2015, two days after the State filed its motion to dismiss, the trial

court issued a written order granting the State's motion to dismiss, stating:

"The Defendant has filed a Post-Conviction Petition on

May 30, 2014.  Due to the Circuit Clerk's Office not providing the

pleading to the Court within 90 days of filing, we are now into the second stage. The State has filed their Motion to Dismiss on February 10, 2015.

The State's Motion as to the actual innocence phase of the Defendant's Petition is well-taken. Attached to the Defendant's Petition are two affidavits from Clemon Adkinson and Ronald Wilkerson. Mr. Adkinson was sentenced by this Court in Champaign County Cause 11-CF-355 to 30 years in the Department of Corrections for the offense of Aggravated Battery with a Firearm. Ronald Wilkerson was sentenced by this Court in Champaign County Cause 12-CF-798 to 120 years in the Department of Corrections for Armed Robbery. Both are housed at the Menard Correctional Center. The Defendant is housed at the Menard Correctional Center!!

The Defendant's Post Conviction Petition was not brought within the time required by law. The State's Motion on this issue is well[-]taken.

The Defendant's Petition is frivolous, patently without merit and is ordered dismissed."

¶ 6      This appeal followed.

¶ 7      II. ANALYSIS

¶ 8      During the second stage of postconviction proceedings, the trial court "must determine whether the petition and any accompanying documentation make a 'substantial

showing of a constitutional violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33, 987 N.E.2d 767 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246, 757 N.E.2d 442 (2001)).

> " 'At the dismissal stage of a post-conviction proceeding, all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true. The inquiry into whether a post-conviction petition contains sufficient allegations of constitutional deprivations does not require the circuit court to engage in any fact-finding or credibility determinations. *** [A] motion to dismiss raises the sole issue of whether the petition being attacked is proper as a matter of law.' " *Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767 (quoting *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063 (1998)).

A petition is legally sufficient to survive the second stage of postconviction proceedings if the well-pleaded allegations in the petition, if proved at the evidentiary hearing, would entitle the defendant to relief. *Domagala*, 2013 IL 113688, ¶¶ 34-35, 987 N.E.2d 767.

¶ 9 Defendant's postconviction petition reached the second stage of proceedings because the trial court did not summarily dismiss the petition within 90 days after the amended petition was filed. On November 3, 2014, the trial court entered the following docket entry:

> "Court notes that Supplemental Post-Conviction Claims and Materials was [*sic*] filed May 30, 2014. State given 30 days to respond to said motion."

After the trial court granted an extension, the State filed its motion to dismiss on February 10, 2015. On February 12, 2015, the trial court granted the State's motion. On appeal, defendant

argues the trial court violated his due-process rights by granting the State's motion to dismiss before he had notice or the opportunity to be heard on the State's motion.

¶ 10    "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  The State's affidavit of service shows it mailed the motion to dismiss to defendant's attorney in Chicago on February 10, 2015.  The record does not reflect when petitioner's attorney received the motion to dismiss, but it is unlikely counsel received the motion before the trial court granted it two days later, on February 12, 2015.  The court's dismissal in this case clearly violated the fundamental requirement of due process in these postconviction proceedings.  Defendant was given neither notice nor an opportunity to be heard.  *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 419-20, 687 N.E.2d 1050, 1062 (1997).

¶ 11    Section 2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2014)), which specifically grants trial courts authority to summarily dismiss a postconviction petition within 90 days of when the petition was filed, does not violate a defendant's due-process rights.  *People v. Porter*, 122 Ill. 2d 64, 74, 521 N.E.2d 1158, 1161 (1988).  However, "[u]nder section 122-2.1 and section 122-4 of the Act, an indigent petitioner is entitled to the appointment of counsel when the trial court determines that the claims are not frivolous and patently without merit." *Porter*, 122 Ill. 2d at 74, 521 N.E.2d at 1161.  Pursuant to section 122-4 of the Act (725 ILCS 5/122-4 (West 2014)), the same is true if the court fails to summarily dismiss the claim within the time allowed by section 2.1 of the Act (725 ILCS 5/122-2.1 (West 2014)).

¶ 12        Once postconviction proceedings reach the second stage, the Act does not provide

for a trial court to rule on a motion to dismiss *ex parte* without giving a defendant notice and an

opportunity to be heard.  Because the Act does not specifically allow courts to do so, we find the

Act requires postconviction petitioners to be provided notice and an opportunity to be heard prior

to the trial court ruling on a motion to dismiss filed by the State during the second stage of

postconviction proceedings.  The opportunity to be heard can be satisfied by allowing a hearing

on the motion or by allowing defendant to file a written response to the motion.

¶ 13        Because the trial court erred in granting the State's motion to dismiss when

defendant did not have notice or an opportunity to be heard, we must reverse the court's

dismissal of defendant's postconviction petition and remand this case for defendant to have the

opportunity to respond to the State's motion.  As a result, we will not address the merits of the

State's motion to dismiss or defendant's postconviction petition.  However, we note the State has

conceded defendant's postconviction petition was timely pursuant to section 122-1(a-5) of the

Act (725 ILCS 5/122-1(a-5) (West 2014)), and defendant did not forfeit any claims he could

have raised on direct appeal (*People v. Brooks*, 371 Ill. App. 3d 482, 486, 867 N.E.2d 1072, 1075

(2007)) because he did not file a direct appeal.

¶ 14                        III. CONCLUSION

¶ 15        For the reasons stated, we reverse the trial court's order granting the State's

motion to dismiss and remand this case so defendant has the opportunity to respond to the State's

motion.  We make no findings on the merits of either the motion to dismiss or the postconviction

petition.

¶ 16        Reversed and remanded.