NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200549-U

NO. 4-20-0549

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 4, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| DONTRELL L. NETTER, | ) | No. 16CF1063 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred by granting the State's motion to dismiss defendant's amended postconviction petition at the second stage of postconviction proceedings without providing defendant with notice and an opportunity to be heard on the motion.

¶ 2   Defendant, Dontrell L. Netter, appeals the trial court's second-stage dismissal of his postconviction petition. He argues the court erred by dismissing his petition when (1) he was not provided with notice and an opportunity to be heard, (2) allegations in his petition were supported by the record, and (3) his petition demonstrated a substantial showing of a violation of his constitutional right to the effective assistance of counsel. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4   Following a December 2017 jury trial, defendant was convicted of aggravated

criminal sexual assault of a person over 60 years of age (720 ILCS 5/11-1.30(a)(5) (West 2014)) and sentenced to 30 years in prison. He challenged his conviction on direct appeal, and this court affirmed. *People v. Netter*, 2019 IL App (4th) 180290-U.

¶ 5            Defendant's previous appeal details the underlying facts of his case and we do not repeat them here. However, briefly stated, the State's evidence showed Channing Butler, an employee of Bickford Assisted Living Center (Bickford), communicated with various individuals online for the purpose of having them engage in sexual activity with either Butler or a resident of the facility. According to the State's evidence, defendant communicated with Butler online and met him at Bickford in July 2015. At trial, Butler denied that defendant engaged in sexual activity with anyone at Bickford; however, the State presented as substantive evidence Butler's prior inconsistent statement to the police that defendant engaged in oral sex with H.C., an elderly resident of the facility's "memory care unit." The State's evidence also included a photograph found on Butler's cell phone taken in July 2015, depicting H.C.'s face and the penis of an African American male. Butler admitted taking the photograph but initially testified he was not 100% certain if defendant, who was African American, was the individual depicted in the photo. Butler's testimony did indicate that only three people were in the room when the photograph was taken, himself, H.C., and defendant. Additionally, on further direct examination, Butler ultimately stated his belief that the penis depicted in the photograph belonged to defendant.

¶ 6            At trial, defendant testified on his own behalf and denied the allegations against him. He acknowledged communicating with Butler online and visiting Bickford. However, defendant maintained that when he corresponded with Butler online and agreed to meet in person, he believed Butler was a woman. He testified that when he visited Bickford at night, he did not recognize it as an assisted living facility. Further, defendant stated that he immediately left the

facility when he saw that Butler was offering for him to engage in sexual activity with H.C.

¶ 7 In December 2019, defendant, with the assistance of legal counsel, filed a petition for postconviction relief. He raised four claims based on the alleged ineffectiveness of his trial counsel. Specifically, defendant asserted his trial counsel (1) was unreasonably focused on counsel's relationships with prosecution witnesses; (2) was unable to hear, which hindered his ability to question witnesses and argue on defendant's behalf; (3) was unable to make cogent and timely objections and introduce evidence to support defendant's explanation of events; and (4) failed to introduce certain digital forensic evidence.

¶ 8 Relative to defendant's last contention, he noted that part of the State's case included the photograph taken by Butler of H.C. and the penis of an African American male. He asserted that Butler had invited many other individuals to the assisted living facility, and, at trial, exhibited confusion regarding who was depicted in the photograph. Defendant maintained that discovery in the case revealed the existence of two additional digital images from Butler's phone "of another African American male attempting to place his penis in [the victim's] mouth," which were not presented by defense counsel at trial and could have been used "to explain why Butler was confused ***." Defendant argued that a reasonable probability existed that the introduction of the digital images found in discovery would have supported his defense and resulted in his acquittal.

¶ 9 In his petition, defendant claimed the discovery in his case did not "reveal any metadata for the two photographs." Further, he stated he had not attached the discovery photographs as exhibits to his petition due to their nature and out of respect for the victim. He maintained that he had the intention of introducing the photographs as evidence in support of his petition but requested "that he be allowed to do so under seal."

¶ 10          On April 16, 2020, the trial court entered an order, noting the circuit clerk did not forward defendant's postconviction petition to the court until April 9, 2020, and stating as follows: "Due to the gross incompetence of the Circuit Clerk, this court now forwards *** Defendant's petition to the State for a response by May 1, 2020."

¶ 11          On April 28, 2020, the State filed a motion to dismiss defendant's petition, arguing the issues he raised were barred by *res judicata* because they had been previously addressed on direct appeal. Alternatively, the State asserted defendant failed to make a substantial showing of a constitutional violation. Regarding defendant's claim that his counsel was ineffective for failing to introduce the additional digital images from Butler's phone, the State argued defendant's claim was "conclusory, speculative, and unsupported." It noted defendant had not introduced the images "under seal" or otherwise, and argued his petition improperly lacked affidavits pertaining to the relevance of or foundation for the digital images.

¶ 12          On April 30, 2020, the trial court made a docket entry, which gave defendant 30 days to respond to the State's motion to dismiss. A letter from the court to the parties, advising them of its docket entry, was filed the same day. The record indicates the court's letter was mailed to defendant's counsel at an address in Urbana, Illinois, but returned to the court as "Not Deliverable As Addressed." On May 18, 2020, the correspondence was resent to defendant's counsel at an address in Champaign, Illinois.

¶ 13          On June 1, 2020, defendant filed a motion for an extension of time to respond to the State's motion to dismiss. He asserted his counsel did not receive notice of the trial court's April 30 docket entry until May 25, 2020, and was "preparing for a jury trial in another county." Defendant requested an additional 30 days to respond to the State's motion. On June 30, 2020, defendant filed a second motion for an extension of time to respond to the State's motion to

dismiss. He noted the court had not ruled on his previous request and asked for an additional 30 days to prepare a response. On July 8, 2020, the court granted defendant's second motion for an extension of time.

¶ 14          On August 3, 2020, defendant filed a motion for discovery and leave to file an amended postconviction petition. He asserted his request for discovery was "limited to a complete copy of the original and subsequent discovery the State turned over to trial defense counsel, including digital images that contain the metadata." Defendant maintained that following his review of the complete discovery in the case he would amend his petition to include more detailed information on the digital images he was alleging should have been admitted at his trial, as well as the images themselves.

¶ 15          On August 19, 2020, the trial court made a docket entry, giving the State 21 days to respond to defendant's motion. Fourteen days later, on September 2, 2020, the court entered a written order, dismissing defendant's postconviction petition as "frivolous" and "patently without merit." The court stated defendant's petition had advanced to the second stage of postconviction proceedings by default and that had the petition been forwarded in a timely manner, it would have been dismissed. Although the court noted defendant's recent filing of a motion for discovery and to amend his petition, it ultimately concluded the State's motion to dismiss was "well-taken" and that defendant's claimed errors had been decided on direct appeal.

¶ 16          On September 3, 2020, defendant filed a motion to reconsider the trial court's dismissal of his postconviction petition. He alleged that following his motion for discovery and leave to amend his postconviction petition, the State and defendant's counsel "resolved the discovery issues" that were raised in defendant's motion. Defendant asserted his counsel forwarded an amended petition to the State and the parties signed an agreed order, stating

defendant would be given leave to file his amended petition with certain exhibits under seal and the State would be given leave to amend its motion to dismiss within 21 days. Defendant maintained his counsel was preparing to forward the parties' agreed order to the court when counsel became aware of the court's dismissal of defendant's petition. Defendant asked the court to reconsider its dismissal and allow the parties to "proceed under the previously agreed order, giving [defendant] the opportunity to file his Amended Petition, the [State] an opportunity to respond[,] and for th[e] court to rule after a hearing on the State's Motion to Dismiss."

¶ 17 The same day, the State filed a response, in which it raised no objection to defendant's motion to reconsider or his filing of an amended postconviction petition. On September 15, 2020, the trial court entered an order that gave defendant 15 days to file any amendments to his petition. On September 29, 2020, defendant filed his amended petition. It contained similar claims to those defendant presented in his original petition and included additional allegations with respect to when the digital images found in discovery were taken. To his amended petition, he attached copies of the digital images and an "Extraction Report," which he alleged trial testimony showed pertained to those images.

¶ 18 Also on September 29, 2020, the State filed a motion to dismiss defendant's amended filing. Its motion contained similar allegations to its previous motion to dismiss. Regarding the digital images, the State continued to maintain that defendant's claims were "conclusory, speculative, and unsupported." On September 30, 2020, the State filed an affidavit of mailing, showing its motion to dismiss defendant's amended petition was mailed that day to defendant's counsel at the Urbana, Illinois, address, which was previously utilized by the trial court and noted to be invalid.

¶ 19 Two days later, on October 2, 2020, the trial court entered an order, dismissing

defendant's amended petition as "frivolous" and "patently without merit." The court stated it had considered defendant's motion to reconsider and his amended postconviction petition, and "reaffirm[ed]" its previous September 2020 dismissal order.

¶ 20    This appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22    As stated, on appeal, defendant argues the trial court erred by dismissing his amended postconviction petition at the second stage of postconviction proceedings. Initially, he contends the court improperly failed to provide him with notice and an opportunity to be heard following the State's motion to dismiss his amended petition. Additionally, defendant asserts his petition was properly supported by the record and demonstrated a substantial showing of a constitutional violation. For the reasons that follow, we agree with defendant's first contention of error and find reversal of the court's dismissal and remand for further proceedings is required.

¶ 23    "The Post-Conviction Hearing Act [(Act)] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763. "The Act provides a three-stage process for the adjudication of postconviction petitions." *Id.* ¶ 45. "At the first stage, the circuit court has 90 days to review a petition and may summarily dismiss it if the court finds it is frivolous and patently without merit." *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). "If the petition is not dismissed within that 90-day period, the circuit court must docket it for further consideration." *Id.* (citing 725 ILCS 5/122–2.1(b) (West 2000)).

¶ 24    During the second stage of postconviction proceedings, the circuit court may appoint counsel for an indigent defendant and the State may file a responsive pleading. *People v.*

*Cotto*, 2016 IL 119006, ¶ 27, 51 N.E.3d 802. The Act also provides for amendments of both the petition and any other pleading. 725 ILCS 5/122-5 (West 2018) ("The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings *** as shall be appropriate, just and reasonable and as is generally provided in civil cases."). Further, at the second stage, "the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Domagala*, 2013 IL 113688, ¶ 33, 987 N.E.2d 767. If such a showing is made, the defendant is entitled to a third-stage evidentiary hearing. *Id.* ¶ 34. The second-stage dismissal of a postconviction petition is subject to *de novo* review. *People v. Johnson*, 2017 IL 120310, ¶ 14, 77 N.E.3d 615.

¶ 25        " 'The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." ' " *People v. Al Momani*, 2016 IL App (4th) 150192, ¶ 10, 55 N.E.3d 725 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))). "[T]he protection of a defendant's right to procedural due process in post-conviction proceedings is of critical importance." *People v. Kitchen*, 189 Ill. 2d 424, 435, 727 N.E.2d 189, 194 (1999).

¶ 26        Here, in arguing that he did not receive notice and an opportunity to be heard on the State's motion to dismiss his amended postconviction petition, defendant relies on this court's decision in *Al Momani*, 2016 IL App (4th) 150192, a case also involving second-stage postconviction proceedings and the same trial judge. There, the defendant filed a *pro se* postconviction petition in February 2014 and, with the aid of counsel, an amended petition in May 2014. *Id.* ¶ 3. Because the trial court did not dismiss the amended petition within 90 days, the matter advanced to the second stage of postconviction proceedings. *Id.* ¶ 9. On February 10, 2015,

- 8 -

the State filed a motion to dismiss the defendant's petition. *Id.* The State's affidavit of service showed it mailed the motion to dismiss to the defendant's attorney on the same day. *Id.* ¶ 10. Two days later, on February 12, 2015, the court granted the State's motion. *Id.* ¶ 9. The defendant appealed, arguing "the trial court violated his due-process rights by granting the State's motion to dismiss before he had notice or the opportunity to be heard on the State's motion." *Id.*

¶ 27    On review, this court concluded the trial court's dismissal "clearly violated the fundamental requirement of due process" as the "[d]efendant was given neither notice nor an opportunity to be heard." *Id.* ¶ 10. We noted the State's affidavit of service showed that it mailed the motion to dismiss to the defendant's attorney the same day the motion was filed. *Id.* However, the record did not reflect when the defendant's attorney received the motion to dismiss and, ultimately, it was "unlikely counsel received the motion before the trial court granted it two days later[.]" *Id.* We further stated as follows:

"Once postconviction proceedings reach the second stage, the Act does not provide for a trial court to rule on a motion to dismiss *ex parte* without giving a defendant notice and an opportunity to be heard. Because the Act does not specifically allow courts to do so, we find the Act requires postconviction petitioners to be provided notice and an opportunity to be heard prior to the trial court ruling on a motion to dismiss filed by the State during the second stage of postconviction proceedings. The opportunity to be heard can be satisfied by allowing a hearing on the motion or by allowing [the] defendant to file a written response to the motion.

Because the trial court erred in granting the State's motion to dismiss when [the] defendant did not have notice or an opportunity to be heard, we must reverse

- 9 -

the court's dismissal of [the] defendant's postconviction petition and remand this case for [the] defendant to have the opportunity to respond to the State's motion." *Id.* ¶¶ 12-13.

See also *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 16, 85 N.E.3d 591 ("It is well established that due process does not allow a trial court to grant a motion to dismiss a complaint without allowing the opposing party notice and a meaningful opportunity to be heard.").

¶ 28　　　　Defendant argues this case is similar to *Al Momani*, and we agree. The record reflects the trial court took no action regarding defendant's original postconviction petition within 90 days after it was filed, and the petition advanced to the second stage of postconviction proceedings. At the second stage, the court allowed defendant to amend his petition, and, on September 29, 2020, the State moved to dismiss that amended petition. The following day, the State mailed its motion to defendant's counsel at what the record shows—and the State does not dispute—was an incorrect address. Three days after the motion to dismiss was filed and only two days after the motion was mailed to defense counsel, the court granted the State's motion and dismissed defendant's amended petition.

¶ 29　　　　Like in *Al Momani*, the record in this case does not reflect when defense counsel received the State's motion to dismiss the amended petition. However, we find it unlikely the motion was received before the court's dismissal. Not only was the motion mailed to the wrong address, it was also mailed only two days before the court's dismissal. Ultimately, the record indicates there was no notice to defendant of the State's filing of its motion to dismiss and no meaningful opportunity for defendant to be heard on the motion through either a hearing or the filing of a written response.

¶ 30　　　　On appeal, the State suggests due process requirements were satisfied because

defendant had notice of, and an opportunity to be heard on, the State's motion to dismiss his *original* postconviction petition. Specifically, it contends "defendant clearly was given meaningful notice and opportunity to be heard on the State's motion to dismiss, [with] defendant thereafter filing a motion for discovery and leave to amend the petition, a motion to reconsider the dismissal, and an amended post-conviction petition." We disagree.

¶ 31    Initially, the State has failed to cite any legal authority to support its contention that providing notice and an opportunity to be heard in connection with an earlier motion to dismiss would also satisfy due process requirements following the filing of an amended postconviction petition and a subsequent responsive pleading directed at that *amended* petition. We note that although defendant was given notice of, and an opportunity to respond to, the State's motion to dismiss his original postconviction petition, those initial proceedings ultimately led to defendant's filing of the amended postconviction petition and the State filing a motion to dismiss that amended petition. The State's second motion to dismiss addressed only defendant's amended petition and both defendant's amended postconviction petition and the State's second motion to dismiss contained additional allegations or contentions not contained in the parties' previous pleadings.

¶ 32    Here, we find the critical inquiry is whether defendant received notice and an opportunity to be heard on the State's motion to dismiss his *amended* petition, not the motion to dismiss the *original*, which was superseded by amendment. See *Freymark v. Handke*, 415 Ill. 360, 364, 114 N.E.2d 349, 351 (1953) ("It is fundamental that the filing of an amended pleading operates as an abandonment of the original pleading it supersedes."). As stated in *Al Momani*, 2016 IL App (4th) 150192, ¶ 12, "the Act requires postconviction petitioners to be provided notice and an opportunity to be heard prior to the trial court ruling on *a* motion to dismiss filed by the State during the second stage of postconviction proceedings." (Emphasis added.) In this instance,

- 11 -

defendant did not receive notice and an opportunity to be heard before the court ruled on the State's motion to dismiss his amended petition. Accordingly, we reverse the trial court's dismissal of defendant's amended postconviction petition and remand for defendant to have the opportunity to respond to the State's motion.

¶ 33                                  III. CONCLUSION

¶ 34          For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 35          Reversed and remanded.