NOTICE
Decision filed 05/24/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220185-U

NO. 5-22-0185

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-CF-1299 |
| | ) | |
| MICHAEL A. WILLIAMS, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Because the defendant did not receive reasonable assistance of counsel with regard to his verified petition for postconviction relief, we reverse the order of the circuit court of St. Clair County that dismissed the defendant's petition at the second stage of proceedings, and we remand for further second-stage proceedings with new counsel.

¶ 2     The defendant, Michael A. Williams, entered negotiated pleas of guilty to two counts of aggravated battery with a firearm. He was sentenced to two consecutive 10-year terms of imprisonment in the Illinois Department of Corrections. He thereafter tried, without success, to withdraw his guilty plea. He now appeals the dismissal, by the circuit court of St. Clair County at the second stage of proceedings, of his verified petition for postconviction relief. For the reasons that follow, we reverse the circuit court's order and remand for further second-stage proceedings with new counsel.

1

¶ 3                                    I. BACKGROUND

¶ 4      On September 23, 2021, counsel for the defendant filed the verified postconviction petition

(PCP) that is the subject of this appeal. Prior to that, on January 21, 2021, PCP counsel filed an

entry of appearance for purposes of subsequently filing the PCP. The PCP alleged that the

defendant's constitutional rights "were substantially denied" in that (1) the defendant was denied

due process because he was not properly admonished by the circuit court as to the possibility of

consecutive sentences for the offenses to which he entered his pleas of guilty; (2) the defendant

was denied due process because the circuit court handed down consecutive sentences without

indicating, as required by law, that the circuit court found that the consecutive sentences were

required to protect the public; and (3) he received ineffective assistance of counsel, because his

plea counsel allowed the son of the judge presiding over the defendant's case to accompany plea

counsel to a jail visit with the defendant at which "important points" related to the defendant's

case were discussed in what should have been "a privileged" meeting. The relief requested by the

PCP was that the defendant's "judgment of conviction and sentence be set aside." Also on

September 23, 2021, counsel filed a certificate of compliance with Illinois Supreme Court Rule

651(c) (eff. July 1, 2017), in which he stated that he had consulted with the defendant "by telephone

and in person," and that he had "examined the trial record to ascertain [the defendant's] contentions

of deprivation of constitutional rights." He further noted that the defendant "did not file a *pro se*

petition."

¶ 5      Counsel filed supporting documents on that date as well, including a two-page handwritten

affidavit from the defendant in which the defendant claimed, with regard to the admonishments he

received about consecutive sentences, that he did not "understand what the court meant" when the

court advised the defendant that the court "could sentence [him] together or at the same time."

With regard to ineffective assistance of counsel, the defendant's affidavit alleged that he "could

2

not continue to trial" with his previous counsel, after that counsel brought the son of the judge presiding over the case to a meeting with the defendant. The affidavit further alleged that the defendant told his new counsel, who represented the defendant on the defendant's motion to withdraw his guilty pleas, about the situation with his prior counsel, but new counsel failed to include the issue in the motion to withdraw the guilty pleas.

¶ 6     On October 7, 2021, the circuit court entered an order in which it found that the PCP raised "the gist of at least one constitutional claim," and which therefore ordered second-stage proceedings on the PCP. The order did not specify upon which claim or claims the circuit court believed the PCP raised the gist of a claim. On November 16, 2021, the State filed a motion to dismiss the PCP. Therein, the State contended that, *inter alia*, (1) the defendant was "unable to establish that he suffered prejudice as a result of" the allegedly defective admonishments, because the defendant "received exactly what he bargained for by way of the plea negotiations," and because the PCP was devoid "of any allegation that he would not have pleaded guilty had he received the proper admonishments, the trial court did not impose a sentence that exceeded the range of penalties he was told he could receive, and he received the exact sentence that was jointly recommended"; (2) all of the defendant's PCP claims were barred by *res judicata* and the forfeiture doctrine, because the defendant did not raise the claims in his direct appeal; (3) consecutive sentences were mandatory in this case, in light of the great bodily injury suffered by the victim, which means that the circuit court was not required to indicate that it believed consecutive sentences were necessary to protect the public; (4) the PCP failed to allege how plea counsel's assistance was defective, and failed to allege that the defendant was prejudiced by the alleged ineffective assistance of plea counsel, or of counsel who represented him on his motion to withdraw his guilty pleas; and (5) the PCP "further fail[ed] to articulate that, but for trial counsel's ineffectiveness, [the defendant] would not have entered into his negotiated plea[s]."

¶ 7 More than three months later, on February 18, 2022, a hearing was held on the State's motion to dismiss. Prior to the hearing, PCP counsel did not file a written response to the State's motion, and did not request leave to amend the PCP. At the hearing, the State elected to stand on the arguments it made in its written motion to dismiss. The remainder of the hearing—which comprises a total of seven transcript pages in the record on appeal—consisted of a brief statement by PCP counsel with regard to the motion to dismiss, followed by detailed questioning by the circuit court of PCP counsel. With regard to the State's *res judicata* and forfeiture arguments, PCP counsel stated that although it was true that the issues in question were not raised on direct appeal, counsel wanted the circuit court "to consider fundamental fairness in allowing [the defendant] to receive [a third-stage] evidentiary hearing on" the admonishment claims. Counsel added that he did not believe that the defendant's ineffective assistance of counsel claims were barred, "because they contain matters that were outside the record," the claims were "not apparent in the record themselves," and the defendant "filled out an affidavit stating those claims."

¶ 8 The circuit court then asked counsel to explain why on direct appeal the defendant "was not able to argue to the Appellate Court that he was denied effective assistance of counsel because what he alleges is the judge's son going to the jail with [the defendant's] attorney to talk to him about his case?" Counsel answered as follows:

"Yeah, and that's why I think that we need [a third-stage] evidentiary hearing on it, Judge. I don't know from the appellate counsel's filings and stuff whether, you know, they had talked about that but he certainly alleges it now. I don't know—I know that, you know, obviously this is all, you know, outside the record stuff so I'm not 100 percent sure on the direct appeal issue, Judge."

¶ 9 The circuit court noted the State's arguments with regard to this issue in its motion to dismiss, then added as follows:

4

"You've got to satisfy the two prongs of *Strickland* and I'm not seeing the nexus between what about the fact that CJ Baricevic if, in fact, he did visit your client at the St. Clair County Jail [along with the defendant's plea counsel], what about that that satisfies either of the prongs of *Strickland*? How—what did it have to do with the fact that he ultimately pled guilty?"

¶ 10    Counsel answered that his argument would be that because the defendant's affidavit stated that the defendant "could not continue to trial" with plea counsel after learning that CJ Baricevic was the son of the judge presiding over the case, the affidavit did in fact "satisfy both prongs of *Strickland*, that he would have went [*sic*] to trial but for this incident." He did not elaborate on why he believed this was true, or how, specifically, the affidavit satisfied the *Strickland* prongs. The circuit court thereafter stated, *inter alia*, "you have to I think at this stage show more than just 'oh, I would have.' There needs to be a stronger showing *** [of] what defense he would have posed if he had gone to trial and why he would have gone to trial and risk[ed] a life sentence." The circuit court added, "So go ahead, talk to me about that." PCP counsel asked for clarification of the circuit court's question. The circuit court responded as follows:

"Ultimately he got 20, he got two 10-year sentences, but tell me—he has to do more than say 'I would have gone to trial.' He has to establish some reasonable defense that he would have posed that would convince me that he would have in fact gone to trial rather than to take a plea of guilty when he was facing the possibility of a life sentence. He was instead given two 10-year consecutive sentences. So what would—tell me why I should believe that he would have gone to trial rather than take that plea."

¶ 11    PCP counsel stated, "Well, I think he was sitting in there and he found out that Mr. Baricevic was the son of the trial judge and he felt pressured in that situation that, you know, he couldn't continue with [plea counsel] in that having this situation had occurred." Counsel added,

"So I mean I think that that there tells the Court that he would have went [*sic*] to trial but for this incident." The circuit court asked the State if it had anything to add. The State opined, as it did in its written motion, that "the prejudice prong of the *Strickland* test hasn't been satisfied at this point in time." Thereafter, the circuit court stated that it would take the matter under advisement and issue a decision within, approximately, one week.

¶ 12    On February 22, 2022, the circuit court entered the written order that is the subject of this appeal. Therein, the circuit court found that the defendant "failed to make a substantial showing of a constitutional violation for the reasons set forth by the State in its motion to dismiss." Accordingly, the circuit court granted the State's motion to dismiss. This timely appeal followed. Additional facts will be presented as necessary in the remainder of this order.

¶ 13                                      II. ANALYSIS

¶ 14    It is well established that most petitions filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2020)) are filed by *pro se* defendants with limited legal knowledge. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶ 24. In those situations, when a petition for postconviction relief advances—as did the PCP in this case—to the second stage of proceedings, a *pro se* defendant is entitled to the appointment of counsel to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. Appointed counsel may file an amended petition, and the State may file a motion to dismiss or an answer. *Id.* If the petition makes a substantial showing of a constitutional violation, it will be advanced to the third stage of proceedings, which ordinarily involves an evidentiary hearing on the defendant's claims. *Id.*

¶ 15    The source of the defendant's right to counsel at the second stage of proceedings is statutory rather than constitutional, and as a result, the level of assistance guaranteed is not the same as the level of assistance constitutionally mandated at trial or on direct appeal; instead, the level of assistance required is reasonable assistance. *Id.* ¶ 29. To provide reasonable assistance at

6

the second stage of proceedings, appointed postconviction counsel is required to perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). *Id.* ¶ 30. Appointed counsel must (1) consult with the defendant to determine the claims the defendant wants to raise, (2) examine the appropriate portions of the record, and (3) make any amendments to the petition that are necessary in order to adequately present the defendant's claims to the circuit court. *Id.*

¶ 16    The filing, by appointed postconviction counsel, of a certificate of compliance with Rule 651(c) creates a rebuttable presumption that counsel has provided the statutorily required reasonable level of assistance. *Id.* ¶ 31. We review *de novo* the question of whether appointed counsel provided the reasonable level of assistance that is required. *Id.* If we determine that appointed postconviction counsel failed to provide reasonable assistance, we will remand for further second-stage proceedings on the petition, with new counsel to be appointed to represent the defendant on remand. *Id.* ¶ 53.

¶ 17    As we undertake our *de novo* review of whether appointed postconviction counsel provided reasonable assistance, we remain mindful of the fact that substantial compliance with Rule 651(c) is sufficient. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We also remain mindful of the fact that the presumption of reasonable assistance that arises with the filing of a Rule 651(c) certificate may be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. The failure to make a routine amendment, such as an amendment adding a claim of ineffective assistance of appellate counsel in order to prevent the dismissal of a petition on the basis of waiver or forfeiture, is an example of conduct on the part of postconviction counsel that rebuts the presumption of reasonable assistance. *Id.* ¶ 11. Moreover, there is no requirement that a defendant make a positive showing that appointed counsel's failure to comply with Rule 651(c) caused prejudice, because if appointed postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised by the defendant in the petition had

merit. *Id.* ¶ 12. Likewise, appointed counsel's failure to comply with the rule will not be excused on the basis of harmless error, because a reviewing court will not engage in speculation as to whether the circuit court would have dismissed the petition at the second stage had appointed counsel complied with the rule. *Id.*

¶ 18 Although, as noted above, the foregoing law is applicable in situations where counsel has been appointed to assist a defendant who initially filed a *pro se* postconviction petition, a line of cases from this court holds that there are important differences where, as in this case, counsel who was privately retained by the defendant filed the initial petition. This line of cases does not dispute the fact that, as a general proposition, the Illinois Supreme Court has held that "there is no difference between appointed and privately retained counsel in applying the reasonable level of assistance standard to postconviction proceedings," because "[b]oth retained and appointed counsel must provide reasonable assistance to their clients after a petition is advanced from first-stage proceedings." *People v. Cotto*, 2016 IL 119006, ¶ 42. That said, the Illinois Supreme Court has made it equally clear that Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which requires counsel to consult with a defendant regarding the defendant's postconviction petition, applies only to those defendants who file their initial petition *pro se* and who are appointed counsel at the second stage of proceedings. *Id.* ¶ 41; see also *People v. Johnson*, 2018 IL 122227, ¶ 18. When the initial petition is filed by retained counsel, Rule 651(c) does not apply, and retained counsel's performance is governed by a general standard of reasonable assistance that does not incorporate the requirements of Rule 651(c). *People v. Zareski*, 2017 IL App (1st) 150836, ¶¶ 51, 58-61; see also *People v. Perez*, 2023 IL App (4th) 220280, ¶¶ 40-57 (agreeing with *Zareski* and finding no conflict between *Zareski* and subsequent Illinois Supreme Court decisions).

¶ 19 Accordingly—unlike in cases involving appointed counsel—under *Zareski* and its progeny, to obtain relief for a violation of the general standard of reasonable assistance recognized

in *Zareski*, a defendant must establish prejudice as a result of the alleged unreasonable assistance of retained counsel. 2017 IL App (1st) 150836, ¶¶ 59-61. This requirement is derived from the principle that "[s]trictly speaking, a defendant is entitled to less from postconviction counsel than from direct appeal or trial counsel," which means "that it should be even more difficult for a defendant to prove that he or she received unreasonable assistance than to prove that he or she received ineffective assistance under [the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)]." *Id.* ¶ 50. The prejudice requirement exists to "prevent pointless remands to trial courts for repeated evaluation of claims that have no chance of success." *Id.* ¶ 59. In evaluating prejudice, *Zareski* and the cases following it apply the *Strickland* standard, inquiring whether there is at least a reasonable probability of a different outcome on the petition, had counsel provided reasonable assistance. *Id.* ¶ 49; see also *Perez*, 2023 IL App (4th) 220280, ¶¶ 54, 67, 71. As with appointed counsel, we review *de novo* the ultimate question of whether retained postconviction counsel provided unreasonable assistance. See, *e.g.*, *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 20 In this case, following supplemental briefing at the appellate level, counsel for the defendant urges this court not to follow *Zareski*, which counsel claims is poorly reasoned and leads to "absurd" and unfair results, such as providing more protection to a defendant who has filed a *pro se* petition than to a defendant who has been "able to scrape up enough money to" retain counsel, because pursuant to *Zareski*, the former type of defendant need not show prejudice resulting from unreasonable assistance of counsel at the second stage of proceedings, whereas a showing of prejudice is required of the latter type of defendant. The State's supplemental brief, on the other hand, urges us to follow *Zareski* and affirm the dismissal of the PCP in this case. The defendant's supplemental reply brief reiterates the defendant's contention that *Zareski* is hopelessly flawed and should not be followed.

¶ 21    After careful consideration of the Illinois decisions relevant to this issue, we conclude that we need not decide whether to follow *Zareski*, because we conclude that even if we were to assume, *arguendo*, that *Zareski* was correctly decided and should govern this appeal, the reasoning put forward in an unpublished decision by our colleagues in the First District persuades us that in certain rare and limited circumstances—the overall validity of *Zareski* notwithstanding—it is appropriate to depart from the *Zareski* requirement that a defendant must establish prejudice as a result of the allegedly unreasonable performance of retained counsel. In *People v. Johnson*, 2022 IL App (1st) 190258-U, ¶¶ 33-43, our colleagues in the First District concluded that, the well-reasoned analysis of *Zareski* notwithstanding, if it is clear from the record that the defendant did not receive reasonable assistance of postconviction counsel, and it is equally clear that, because of a paucity of the record *caused by* postconviction counsel's lack of reasonable assistance, the appellate court cannot tell whether the defendant was prejudiced thereby, the appropriate remedy is for the appellate court to reverse the order dismissing the petition, and to remand for further second-stage proceedings with new counsel. The *Johnson* court concluded that remand was required in that case because (1) no affidavits or other documents were attached to the petition, and no explanation was given for their absence, as well as because (2) "counsel's pleadings, statements, unreasonable delays, and general performance throughout" the proceedings amounted to "a multitude of errors." *Id.* ¶¶ 36-39. The *Johnson* court further concluded that the "straightforward application of *Zareski* [was] impossible *** due to the emptiness of the record, an emptiness which clearly stem[med], at least in part, from Mr. Johnson's attorney's performance." *Id.* ¶¶ 35, 41. Likewise, in this case, for the reasons that follow, we decline to conclude that the defendant's failure to demonstrate that he was prejudiced by the unreasonable assistance of PCP counsel results in forfeiture, or means that we should summarily affirm the circuit court's dismissal of the PCP.

¶ 22    In this case, as explained above, the relief requested by the PCP was that the defendant's "judgment of conviction and sentence be set aside." In other words, the defendant sought to withdraw his guilty plea, which is the act that led to his judgment of conviction and sentence. It is axiomatic that when a defendant wishes to withdraw a guilty plea on the basis of alleged ineffective assistance of plea counsel, the defendant must satisfy the prejudice prong of *Strickland*, which means that, "in the guilty plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Valdez*, 2016 IL 119860, ¶ 29 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); see also *People v. Brown*, 2017 IL 121681, ¶ 47. "A conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice." *Valdez*, 2016 IL 119860, ¶ 29. To the contrary, to obtain relief on such a claim, in most cases a defendant " 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

¶ 23    As described above, the State argued in its motion to dismiss that one reason the PCP should be dismissed was because the PCP was devoid "of any allegation that [the defendant] would not have pleaded guilty had he received the proper admonishments." The State also argued that the PCP failed to allege how plea counsel's assistance was defective, and failed to allege that the defendant was prejudiced by the alleged ineffective assistance of plea counsel, or of counsel who represented him on his motion to withdraw his guilty pleas. The State argued as well that the PCP "further fail[ed] to articulate that, but for trial counsel's ineffectiveness, [the defendant] would not have entered into his negotiated plea[s]." Also as described above, prior to the hearing on the State's motion to dismiss, PCP counsel did not file a written response to the State's motion, and

11

did not request leave to amend the PCP. More than three months later, at the hearing on the motion to dismiss, the circuit court noted the State's written arguments, then added as follows:

"You've got to satisfy the two prongs of *Strickland* and I'm not seeing the nexus between what about the fact that CJ Baricevic if, in fact, he did visit your client at the St. Clair County Jail [along with the defendant's plea counsel], what about that that satisfies either of the prongs of *Strickland*? How—what did it have to do with the fact that he ultimately pled guilty?"

¶ 24   PCP counsel answered that his argument would be that because the defendant's affidavit stated that the defendant "could not continue to trial" with plea counsel after learning that CJ Baricevic was the son of the judge presiding over the case, the affidavit did in fact "satisfy both prongs of *Strickland*, that he would have went [*sic*] to trial but for this incident." Beyond this conclusory allegation, he did not elaborate on why he believed this was true, or how, specifically, the affidavit satisfied the *Strickland* prongs pursuant to the precedent cited above. He did not, at any point, attempt to explain how a decision to reject the plea bargain would have been rational under the circumstances of this case, which, of course, is another point that was not addressed by the defendant in his two-page handwritten affidavit *at all*. The circuit court alluded to this when it noted that "you have to I think at this stage show more than just 'oh, I would have.' There needs to be a stronger showing." After further discussion, the circuit court stated explicitly to PCP counsel, "tell me why I should believe that he would have gone to trial rather than take that plea."

¶ 25   PCP counsel stated, "Well, I think he was sitting in there and he found out that Mr. Baricevic was the son of the trial judge and he felt pressured in that situation that, you know, he couldn't continue with [plea counsel] in that having this situation had occurred." Counsel added, "So I mean I think that that there tells the Court that he would have went [*sic*] to trial but for this incident." The circuit court asked the State if it had anything to add. The State opined, as it did in

12

its written motion, that "the prejudice prong of the *Strickland* test hasn't been satisfied at this point in time." Also as explained above, in the circuit court's written order, the circuit court expressly stated that the PCP failed "for the reasons set forth by the State in its motion to dismiss."

¶ 26     In light of the deeply-rooted principles of law, cited above and applicable when a defendant wishes to withdraw a guilty plea on the basis of alleged ineffective assistance of plea counsel, PCP counsel's performance in the written PCP and its supporting documents, and in response to the State's motion to dismiss the PCP, was objectively unreasonable where he put forward such a claim but (1) in the PCP, entirely failed to allege—and support factually—the prejudice required as an element of that claim, and (2) when this was brought to PCP counsel's attention by the State's motion to dismiss, PCP counsel filed no written response or request to amend the PCP, and at the hearing on the motion was unprepared to address this problem in accordance with the law related to the problem, despite the fact that more than three months had elapsed since the filing of the State's motion. PCP counsel's failure to include the required allegations and factual support in the PCP and the defendant's accompanying affidavit, and his complete inability to muster facts and arguments—as opposed to vague and conclusory allegations—in support of prejudice at the hearing, meant that the defendant's PCP claim of ineffective assistance of counsel had no chance of succeeding. Moreover, PCP counsel's pleading failure has led to a paucity of the record that, as was the case in *Johnson*, makes it impossible for this court to determine if the defendant suffered prejudice as a result of PCP counsel's unreasonable assistance, because the result of PCP counsel's pleading failure is that there are no factual allegations from which this court could determine whether a decision to reject the plea bargain would have been rational under the circumstances of this case. Equally objectively unreasonable was PCP counsel's failure to argue—and support factually—claims of ineffective assistance of previous counsel as a means to overcome the bars of *res judicata* and forfeiture that the State raised in its motion to dismiss. See, *e.g.*, *People v.*

13

*Kluppelberg*, 327 Ill. App. 3d 939, 947 (2002); see also, *e.g.*, *People v. Russell*, 2016 IL App (3d) 140386, ¶ 11 (failure to make routine amendment, such as amendment adding claim of ineffective assistance of previous counsel in order to prevent the dismissal of petition on basis of waiver or forfeiture, constitutes unreasonable assistance). This inaction, too, doomed the PCP to failure.

¶ 27   We note that counsel for the defendant on appeal is correct that it is well established that postconviction counsel is prohibited from advancing claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *People v. Greer*, 212 Ill. 2d 192, 209 (2004). Thus, PCP counsel must have believed that the claims in the PCP had merit. Yet, inexplicably, counsel did not plead, or argue, the basic elements necessary to sustain the claims, even after these deficiencies were noted in the State's motion to dismiss. See, *e.g.*, *People v. Al Momani*, 2016 IL App (4th) 150192, ¶ 12 (when State files motion to dismiss postconviction petition, defendant has due process right to respond to State's motion; right may "be satisfied by allowing a hearing on the motion or by allowing defendant to file a written response to the motion"). The inescapable conclusion in this case is that PCP counsel provided unreasonable assistance of counsel when he drafted the PCP, and when he attempted to defend the PCP against the State's motion to dismiss it, and that PCP counsel's failures have left this court—like the court in *Johnson*—with a record that makes it impossible to determine whether the defendant was prejudiced by PCP counsel's multiple failures.

¶ 28                                III. CONCLUSION

¶ 29   For the foregoing reasons, we reverse the order of the circuit court of St. Clair County that dismissed the PCP, and we remand for further second-stage proceedings with new counsel. We direct appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel), and to the circuit court. See, *e.g.*, *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37. We reiterate that it is well established that postconviction counsel is prohibited from

14

amending a petition to advance claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *Greer*, 212 Ill. 2d at 209. Illinois courts of review have made it clear what counsel must do if, after the circuit court advances a petition to the second stage because the circuit court believes that the petition is not frivolous or is not patently without merit, counsel subsequently determines that it is. See, *e.g.*, *People v. Kuehner*, 2015 IL 117695, ¶¶ 20-22, 24, 27; see also, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 21-22 (if counsel finds claims in petition are frivolous or patently without merit, the appropriate procedure is to stand on *pro se* petition or seek to withdraw as counsel). We remind new counsel of these principles of law and admonish new counsel to adhere to them when considering what claims, if any, legitimately may be advanced in this case.

¶ 30    Reversed; cause remanded with directions.